### POSEY v. DOWD, Warden.

Circuit Court of Appeals, Seventh Circuit.

March 18, 1943.

James K. Northam, Deputy Atty. Gen., for Dowd.

No attorney for Posey.

Before MAJOR, KERNER, and MINTON, Circuit Judges.

### PER CURIAM.

The petitioner was convicted in the Criminal Court of Lake County, Indiana, on his plea of guilty, of the crime of kidnaping. He had no counsel at the trial. When he requested counsel, the prosecuting attorney told him it would be useless. He told the court he did not know whether he was guilty or not. The court said it could not advise him how to plead, and insisted that he plead to the charge against him. The petitioner entered a plea of guilty and was sentenced to life imprisonment in the State Prison, of which the respondent, Dowd, is Warden. The petitioner is held by the respondent on a commitment pursuant to the judgment of conviction based upon the plea of guilty.

Later the petitioner filed a petition in the trial court for a writ of error coram nobis. A demurrer was sustained to the petition. He then petitioned the court to be allowed to appeal as a pauper, and prayed the court to appoint him counsel and to furnish him a record. This the court denied. Petitioner then sought to mandate the trial court to grant the latter petition, and the Supreme Court of Indiana denied the petition for mandamus.

Petitioner files here his petition for habeas corpus and leave to proceed as a pauper and for the appointment of counsel.

No petition for habeas corpus has been presented either to the State Court or to the District Court for the Northern District of Indiana, in which District the petitioner is detained.

■ This Court has no original jurisdiction in habeas corpus. Ours is an appellate jurisdiction only. Craig v. Hecht, 263 U.S. 255, 44 S.Ct. 103, 68 L.Ed. 293.

■ Before we are authorized to act, the petition must first be presented to the District Court for the Northern District of Indiana, and from judgment there, the petitioner may come to this Court by appeal. Brosius v. Botkin, 72 App.D.C. 29, 110 F.2d 49; De Maurez v. Swope, 9 Cir., 100 F.2d 530; Whitaker v. Johnston, 9 Cir., 85 F.2d 199; Ex parte Haumesch, 9 Cir., 82 F.2d 558; United States ex. rel. Bernstein v. Hill, 3 Cir., 71 F.2d 159.

The petition for leave to file a petition for a writ of habeas corpus and for appointment of counsel is dismissed for want of jurisdiction.