## CAIN v. BENSON.

### No. 10572.

Circuit Court of Appeals, Sixth Circuit.

Oct. 22, 1947.

No appearances.

Before HICKS, SIMONS and ALLEN, Circuit Judges.

SIMONS, Circuit Judge.

The petitioner was tried and convicted of an offense defined by § 531 of the Michigan Penal Code, Comp.Laws Supp.1940, § 17115-531, Stat.Ann. 28.799. This section creates the crime of larceny with intent in its commission to maim, injure or wound any persons, to compel them to disclose or surrender the means of opening a bank, safe, vault or other depository of valuables. The maximum penalty for its commission is imprisonment in a state prison for life.

The information charged the petitioner with confining, maiming, injuring and wounding certain persons for the purpose of stealing from a state bank, substantially in the words of the statute. The journal entry of the verdict and sentence recites that the jury found the defendant guilty as charged. The court then sentenced him to be confined in the state prison for the rest of his natural life. The commitment addressed to the Sheriff, recites that the petitioner had been duly convicted of larceny. Under the Statutes of Michigan, 3 Compiled Laws 1915, § 15298, the penalty for larceny in its simpler form is imprisonment for not more than five years. The commitment, however, also recites that the verdict of conviction and the sentence imposed "more fully appears by a certified abstract from

the minutes of said court of such conviction and sentence herewith delivered to you and accompanying this warrant."

Upon the sole ground that the commitment describes the offense charged and upon which the petitioner was tried and convicted as larceny, without describing it in the aggravated form of § 356, Comp.Laws Supp.1940, § .17115-356, the petitioner, having served more than five years in several Michigan prisons, filed his petition in the District Court for the Eastern District of Michigan for a writ of habeas corpus to be released from custody. The writ was dismissed and a petition for a certificate of probable cause in support of an appeal was denied.

The petitioner subsequently filed in this court a petition designated variously as an appeal from the order of the district court, as an original petition for a certificate of probable cause, and as a motion to treat the proceedings as a petition for a writ of habeas corpus. He recites that his petition in the court below was dismissed for lack of jurisdiction, that his counsel failed to take a timely appeal and that he wishes the present petition, if not entertained as an appeal, to be received as an original petition for writ of habeas corpus.

■ The petition must be denied. We may not consider the several papers filed as an appeal out of time because no certificate of probable cause has been obtained from the district judge. We may not consider it as an original petition for a writ of habeas corpus because in such proceedings this court sits only as a reviewing court and not as a court of original jurisdiction.

■ Our reluctance to deny the petition on technical statutory grounds is mitigated by the fact that it seems clearly to appear that the original petition was without merit and the court without jurisdiction to entertain it. The crime designated in the commitment is designated in the statute as larceny, albeit in an aggravated form, and it would seem to be clear from the history of the proceedings that the state court either considered that there was no error in the description of the crime in the commitment or considered that the error was purely clerical and cured by reference to the min-

utes of the proceedings and sentence in the trial court. Furthermore, it appears that the petitioner applied to the Circuit Court in Jackson County for a writ of habeas corpus in 1943, which was denied, that a petition to the Michigan Supreme Court was likewise denied, and the petitioner did not apply for relief in the United States Supreme Court from any order of the courts of Michigan. In this situation the law is clear that the district judge was without jurisdiction to entertain the petition under the authority of Mooney v. Holohan, 294 U.S. 103, 55 S.Ct. 340, 79 L.Ed. 791, 98 A. L.R. 406; Ex parte Hawk, 321 U.S. 116, 64 S.Ct. 448, 88 L.Ed. 572; Dawsett v. Benson, 6 Cir., 156 F.2d 669, in the absence of exceptional circumstances discussed in the Hawk case, supra. Betts v. Brady, Warden, 316 U.S. 455, 62 S.Ct. 1252, 86 L.Ed. 1595, relied upon by the petitioner, has no application.

The petition is denied.