IN RE APPLICATION OF BURWELL.

NO. 736.

Decided April 2, 1956.

PER CURIAM.

The Court of Appeals for the Ninth Circuit has certified to this Court the following three questions:

"(1) Has Congress created in the Court of Appeals, as a court, the jurisdiction to issue a certificate of probable cause, sought from the court, as a court, by the provisions of 28 U. S. C. § 2253, replacing the repealed 28 U. S. C. § 466?

"(2) If the Supreme Court holds that Congress has not given the Courts of Appeal such jurisdiction, did the Supreme Court create that jurisdiction, by its per curiam opinion, rendered without argument, which failed to consider 28 U. S. C. § 2253 and was based on the repealed 28 U. S. C. § 466 and House v. Mayo, 324 U. S. 42, 48 (1945), and its remand to

this court 'so that the petitioner's application for a certificate of probable cause may be entertained on its merits'?

"(3) If the Supreme Court holds that Congress or the Court creates such jurisdiction by 28 U. S. C. § 2253 and that House v. Mayo applies, does its mandate mean that all the judges, as judges, or some individual judge, or the court as a court shall consider the petition for a certificate of probable cause?"

Earlier this Term we were constrained to find that the Court of Appeals for the Ninth Circuit was in error in deeming itself without jurisdiction to entertain applications for certificates of probable cause, under 28 U. S. C. § 2253, addressed to that court instead of to a judge or judges thereof. Accordingly, we reversed the judgments in these cases. *Burwell* v. *Teets,* 350 U. S. 808; *Rogers* v. *Teets,* 350 U. S. 809. Each of these cases was reversed "so that the petitioner's application for a certificate of probable cause may be entertained on its merits."

We did not attempt to lay down a procedure for the Court of Appeals to follow for the entertainment of such applications on their merits. We shall not do so now. It is for the Court of Appeals to determine whether such an application to the court is to be considered by a panel of the Court of Appeals, by one of its judges, or in some other way deemed appropriate by the Court of Appeals within the scope of its powers. Cf. *Western Pacific R. Corp.* v. *Western Pacific R. Co.,* 345 U. S. 247. It is not for this Court to prescribe how the discretion vested in a Court of Appeals, acting under 28 U. S. C. § 2253, should be exercised. See *United States* v. *Rosenburgh,* 7 Wall. 580. As long as that court keeps within the bounds of judicial discretion, its action is not reviewable.

The entire certificate in each of these cases must be

*Dismissed.*