UNITED STATES of America ex rel.
SULLIVAN, Petitioner,

v.

Robert A. HEINZE, Warden, Folsom
Prison, et al., Respondents.

Misc. No. 698.

United States Court of Appeals
Ninth Circuit.

Nov. 19, 1957.

William B. Sullivan in pro. per.

BARNES, Circuit Judge.

Petitioner, a prisoner held under process of the State Court of California, files with this court an appeal from a denial of a writ of habeas corpus, and a "motion for a certificate of probable cause." Accompanying are copies of a "Petition for Writ of Habeas Corpus and/or Injunction" and an "addendum" thereto. All these documents were similarly filed with the District Court of the Northern District of California, Northern Division.

The District Court denied the petition for habeas corpus and, considering the "addendum" as a petition for rehearing, denied that also.

 The petition for a certificate of probable cause, a prerequisite to appeal from a denial of habeas corpus in this case (28 U.S.C.A. § 2253), fails to disclose application to the trial court for such a certificate. Absent the most unusual circumstances, such failure is fatal to relief in this Court. See In re Application of Burwell, 1956, 350 U.S. 521, 76 S.Ct. 539, 100 L.Ed. 666; Joyner v. Parkinson, 7 Cir., 1955, 227 F.2d 505; Brite v. California, 9 Cir., 1949, 178 F. 2d 925; Rule 15(5) of the Rules of the United States Court of Appeals for the Ninth Circuit, 28 U.S.C.A. However, since the filing of the original documents, petitioner has belatedly filed copies of an order of the District Court, dated November 4th, 1957 (denying the application for a certificate of probable cause on two grounds, first, that the appeal was without merit, and second that the appeal was not taken in good faith), and a Brief in support of such motion. We will, in the interests of petitioner, consider the order of the District Court as having been timely filed with the original petition.

 Petitioner has filed a motion to be allowed to proceed in forma pauperis. Since this it not a proceeding on the merits of petitioner's trial, or conviction, there is no record to be printed. All the documents are before this court. The filing fee has been paid. There being no need for it, the petition for leave to proceed in forma pauperis is denied.

 The trial court has refused to grant a certificate of probable cause, and given his reasons therefor. While I am not bound by the decision of the court

below, I am duty bound to give it weighty consideration. An examination of all documents leads to the firm conclusion that the action of the District Court was entirely proper. The documents filed do not adequately assert any basis for relief by way of habeas corpus from a federal court. As the District Court stated in its original order denying the writ, there is neither a showing of exhaustion of remedies in the state courts (Application of Meek, D.C., 138 F.Supp. 327); nor has petitioner indicated why he seeks this writ. Further, as pointed out below, no question cognizable in the federal courts is presented by the petition for habeas corpus (see Ex parte Hull, 1941, 312 U.S. 546, 61 S. Ct. 640, 85 L.Ed. 1034; United States ex rel. Atterbury v. Ragen, 7 Cir., 1956, 237 F.2d 953).

For the reasons stated herein the petition for issuance of a certificate of probable cause is denied, as is the petition for a writ of habeas corpus.