### BURLEY *v.* WARDEN OF MARYLAND PENITENTIARY

[P. C. No. 14, September Term, 1959.]

*Decided October 20, 1959.*

Before BRUNE, C. J., and HENDERSON, HAMMOND, PRES-
COTT and HORNEY, JJ.

PER CURIAM.

For the reasons set out in the opinion of the court below, denying a petition under the Post Conviction Procedure Act, the application for leave to appeal is denied. The only point that requires any amplification is the bald allegation that the attorney of his own selection, who represented him at his trial, "did knowingly let State's Attorney use false testimony". That this allegation was not designed to charge the State's Attorney with knowledge of the falsity, or complicity in producing false testimony, is indicated by other allegations that his attorney had in his hands a copy of the stenographic transcript of testimony taken at the preliminary hearing before a magistrate, but did not use the record as a basis for cross-examining the prosecuting witnesses, as to certain alleged inconsistencies, or to bring out such points as that it was not raining at the time of the occurrence of the alleged mayhem, that one witness had not worked on that day, that chemical lye in a dry state could not cause the burns in question by being thrown as described, and that some of the witnesses had criminal records. In short, the complaint goes to credibility of the testimony against him, and to the competence of his own attorney, who was an experienced trial counsel. Cf. *Jackson v. Warden,* 211 Md. 599, 601. There is no allegation that any complaint was made to the trial court on this score.