Henry R. ANDERSON, Plaintiff-
Appellant,

v.

William L. JONES, Warden, Kentucky
State Penitentiary, Defendant-
Appellee.

No. 14282.

United States Court of Appeals
Sixth Circuit.

July 29, 1960.

No appearance for appellant.

John Breckinridge, Atty. Gen., for appellee.

Before CECIL, WEICK and O'SULLIVAN, Circuit Judges.

PER CURIAM.

Appellant, Henry R. Anderson, was tried and convicted of the crime of murder in the Circuit Court of Jefferson County, Kentucky. He was given a death sentence and is awaiting execution in the State Penitentiary at Eddyville, Kentucky.

He filed an application in the District Court for a writ of habeas corpus. The application and brief in support thereof consisted of 71 pages of single spaced typewritten matter in which he set forth many errors alleged to have taken place at the trial which he claimed deprived him of his constitutional rights.

The District Judge allowed him to proceed in forma pauperis, but denied his application for a writ of habeas corpus on the ground that he had not exhausted remedies available to him in the Kentucky courts. The District Judge also denied his application for a certificate of probable cause.

Anderson has appealed to this Court. He asks us to grant him a certificate of probable cause and to stay his execution. He further requests that we hear his habeas corpus application de novo in Louisville, Kentucky, as he has 100 witnesses and it would not be convenient to transport them to the seat of this Court in Cincinnati.

■ Appellee has filed a motion and supplement thereto to dismiss the appeal on the ground that appellant has not exhausted his state remedies. Attached to the supplement is a certificate of the Clerk of the Court of Appeals of the Commonwealth of Kentucky that Anderson has taken an appeal to that Court from his judgment of conviction and that execution of said judgment was suspended. This certificate and the stay of execution is in accordance with Section 336 of the Criminal Code of Practice of Kentucky. There is no reason for us to grant a stay of execution since he has already obtained a stay in the state court pending the review of his case.

■ We should point out to appellant, who is not represented by counsel and has refused to permit counsel to represent him, that our Court has only appellate jurisdiction in this case. Title 28 U.S.C. §§ 1291, 1292.

The federal court of appeals has no original jurisdiction to entertain an application for a writ of habeas corpus. Title 28 U.S.C. § 2241(a); Crawford v. Common Pleas Court of Lucas County, Ohio, 6 Cir., 269 F.2d 838; Meek v. State of California, 9 Cir., 220 F.2d 348; Posey v. Dowd, 7 Cir., 134 F.2d 613; Taylor v. Squier, 9 Cir., 183 F.2d 67.

Since our jurisdiction is appellate in nature, we are limited to a review of the record before the District Court. We are without power to hear this case or the criminal case de novo.

■ At the threshold of this case, we are confronted with the statutory limitation on appellant's right to appeal which is conditional on his being granted a certificate of probable cause. Title 28 U.S.C. § 2253. Without such certificate of probable cause, we have no jurisdiction to hear his appeal. Bilik v. Strassheim, 212 U.S. 551, 29 S.Ct. 684, 53 L.Ed. 649; Ex parte Patrick, 212 U.S. 555, 29 S.Ct. 686, 53 L.Ed. 650; Mulvey v. Jacques, 6 Cir., 199 F.2d 300, certiorari denied 344 U.S. 899, 73 S.Ct. 281, 97 L. Ed. 695; Cain v. Benson, 6 Cir., 163 F.2d 822.

Notwithstanding the denial by the District Court of appellant's application for a certificate of probable cause, this Court or an individual Judge thereof may, upon proper showing, grant a certificate of probable cause. Title 28 U.S.C. § 2253; House v. Mayo, 324 U.S. 42, 48, 65 S.Ct.

517, 89 L.Ed. 739; In re Application of Burwell, 350 U.S. 521, 76 S.Ct. 539, 100 L.Ed. 666; Burwell v. Teets, 350 U.S. 808, 76 S.Ct. 98, 100 L.Ed. 726.

 There is no basis, however, for the Court or a Judge thereof to grant a certificate of probable cause because appellant has not exhausted his state remedies. The appeal which he has taken from his conviction is still pending in the Court of Appeals of Kentucky and has not yet been heard by that Court. The District Court would have no right to interfere with a criminal case while it is pending in the state court. Appellant may not resort to the federal courts until he has first exhausted his state remedies. Title 28 U.S.C. § 2254; Mooney v. Holohan, 294 U.S. 103, 55 S.Ct. 340, 79 L.Ed. 791; Ex Parte Hawk, 321 U.S. 114, 64 S.Ct. 448, 88 L.Ed. 572. As part of his state remedy, appellant may appeal from any adverse ruling of the Kentucky Court of Appeals to the Supreme Court of the United States. Darr v. Burford, 339 U.S. 200, 70 S.Ct. 587, 94 L.Ed. 761. The remedy of habeas corpus is not available to him in the District Court until he has exhausted these remedies. Even where the remedy of habeas corpus is available, the District Court does not exercise appellate jurisdiction to review errors alleged to have been committed in the trial of a criminal case in the state court. The District Court has jurisdiction only to determine whether the petitioner is unlawfully detained on account of violation of his rights under the Constitution of the United States.

Appellant's application for a writ of habeas corpus was prematurely filed in the District Court. The District Judge properly denied it as well as the appellant's application for a certificate of probable cause. Appellant's application for a certificate of probable cause is denied. The appeal is dismissed for lack of jurisdiction.

Appellant may refile his application for a writ of habeas corpus in the District Court after he has exhausted his state remedies.