Earlie BURGESS, Appellant,

v.

WARDEN, MARYLAND HOUSE OF CORRECTION, Appellee.

No. 8252.

United States Court of Appeals Fourth Circuit.

Submitted Nov. 16, 1960.

Decided Nov. 18, 1960.

Before SOBELOFF, Chief Judge, and HAYNSWORTH and BOREMAN, Circuit Judges.

SOBELOFF, Chief Judge.

Earlie Burgess, an inmate of the Maryland House of Correction, filed two petitions for writs of habeas corpus in the United States District Court for the District of Maryland. The court denied both petitions, and denied the certificate of probable cause required as a prerequisite for appeal under 28 U.S.C.A. § 2253, but allowed the petitioner to appeal in forma pauperis.

Where a District Court denies a state prisoner his petition for a writ of habeas corpus, and denies the certificate of probable cause but allows him to prosecute his appeal as a pauper, it has been our normal practice to appoint a lawyer, have briefs and oral arguments, and we have customarily allowed our ruling on the merits of the appeal determine whether or not a judge of this court would grant the necessary certificate of probable cause. Plater v. Warden, 4 Cir., 1958, 261 F.2d 445; Holly v. Smyth, 4 Cir., 1960, 280 F.2d 536; and cases therein cited. Although the statute might appear literally to preclude a hearing in the Court of Appeals before a certificate of probable cause is granted,[1] our past procedure has been clearly authorized by the Supreme Court. House v. Mayo, 1945, 324 U.S. 42, 65 S.Ct. 517, 89 L.Ed. 739; In re Burwell, 1956, 350 U.S. 521, 76 S.Ct. 539, 100 L.Ed. 666.

However, experience has shown that the procedure we have been following in cases of this type has resulted in granting full appellate hearings in many cases where the records themselves demonstrate a complete lack of any merit whatsoever. In a state habeas corpus case, where the record in the District Court, plus the prisoner's application to this court show no shred of merit, no beneficial purpose is served by appointing an attorney and having briefs and argument. It is an exercise of futility, for the petitioner gains no advantage when the only possible result of the hearing is to reaffirm what was perfectly obvious from the record and papers filed. In such a case, the court-appointed lawyer is at a loss to make any logical argument for reversing the District Court's action, and the time and effort of bench and bar are needlessly consumed.

Because of our experience in cases like this, we deem it desirable to modify somewhat the procedure heretofore followed. In In re Burwell, 1956, 350 U.S. 521, 522, 76 S.Ct. 539, 540, 100 L.Ed. 666, the Supreme Court stated:

"Earlier this Term we were constrained to find that the Court of Appeals for the Ninth Circuit was in error in deeming itself without jurisdiction to entertain applications for certificates of probable cause, under 28 U.S.C. § 2253, 28 U.S.C.A. § 2253, addressed to that court instead of to a judge or judges thereof. Accordingly, we reversed the judgments in these cases. Burwell v. Teets, 350 U.S. 808, 76 S.Ct. 98, [100 L.Ed. 726] Rogers v. Teets, 350 U.S. 809, 76 S.Ct. 98, [100 L.Ed. 726]. Each of these cases was reversed 'so that the petitioner's application for a certificate of probable cause may be entertained on its merits.'

"We did not attempt to lay down a procedure for the Court of Appeals to follow for the entertainment of such applications on their merits. We shall not do so now. It is for the Court of Appeals to determine

---

1. Title 28 U.S.C.A. § 2253 states in part:
   "An appeal may not be taken to the court of appeals from the final order in a habeas corpus proceeding where the detention complained of arises out of process issued by a State court, unless the justice or judge who rendered the order or a circuit justice or judge issues a certificate of probable cause."

whether such an application to the court is to be considered by a panel of the Court of Appeals, by one of its judges, or in some other way deemed appropriate by the Court of Appeals within the scope of its powers. * * * It is not for this Court to prescribe how the discretion vested in a Court of Appeals, acting under 28 U.S.C. § 2253, 28 U.S.C.A. § 2253, should be exercised. * * * As long as that court keeps within the bounds of judicial discretion, its action is not reviewable."

Henceforth, in accordance with the discretion vested in us, attorneys will not normally be appointed nor hearings held in habeas corpus cases involving state prisoners until a certificate of probable cause has been granted.

When the petition of an inmate of a state institution has been denied by the District Court and the certificate of probable cause has also been denied, and the inmate seeks review in this court, it will be treated as a condition precedent to an appellate hearing for a judge or panel of judges of this court to issue such a certificate. If the petitioner seeks review in this court or requests a particular judge of this court to issue the certificate, and the court is in session, a panel of three judges will review the record and any papers filed by the petitioner and will decide whether or not to issue the required certificate of probable cause. If, on the other hand, the court is not in session when the petitioner seeks review or the certificate of probable cause, either the judge to whom the application is addressed, or the Chief Judge if it is not addressed to a particular judge, will review the record and decide whether or not probable cause exists.

Where the record and application disclose that the petition for habeas corpus is entirely devoid of merit, the certificate of probable cause will be denied, and the appeal dismissed without an appellate hearing. Where the case is not plainly without merit, the certificate will be issued and a regular appellate hearing will be granted.

If in actual practice this procedure should turn out to be unsatisfactory, or result in any injustice, we will consider ourselves free, of course, to return to our former procedure of hearing the appeal before acting upon the application for the certificate.

■ Turning to the case before us, and treating the papers transmitted by the District Court as embodying an application for a certificate of probable cause, it is clear on the face of this record that there is no basis for granting the certificate. Burgess was convicted in the Circuit Court for Anne Arundel County, Maryland, on August 12, 1958, for obtaining goods under false pretenses and sentenced to a three year term. In December of that year he was convicted in the Circuit Court for Prince George's County, Maryland, on another charge of obtaining money under false pretenses, growing out of a different transaction, and was given an additional three year sentence, to be served after the expiration of the earlier one. Although his petitions in the District Court attack both convictions, his detention under the first sentence expired in October, 1960, so we need consider the second conviction only. His attack upon it primarily raises issues concerning the sufficiency of the indictment, the evidence, and the truthfulness of testimony offered against him. These are all, in the context of this case, questions of state criminal law and do not involve federal constitutional questions. His bald allegations that the state trial court "lost jurisdiction," sentenced him to an institution without jurisdiction, and that his attorney in the state post-conviction proceeding was incompetent, are unsupported by any factual specification or explanation. Finally, his contention that the Maryland Post Conviction Procedure Act, Code 1957, art. 27, § 645A et seq., is unconstitutional is, as the District Judge pointed out, frivolous.

Since, upon a review of the entire record, we find no possible merit in these habeas corpus petitions, no certificate of probable cause will be issued and the appeal will be dismissed.