Leroy BURLEY, Appellant,

v.

STATE OF MARYLAND, Appellee.

No. 8109.

United States Court of Appeals Fourth Circuit.

Argued Jan. 10, 1961.

Decided Jan. 16, 1961.

S. Leonard Rottman, Baltimore, Md. (Court-assigned counsel) (Blades & Rosenfeld, Baltimore, Md., on brief) for appellant.

C. Ferdinand Sybert, Atty. Gen. of Maryland, and James H. Norris, Sp. Asst. Atty. Gen. of Maryland, on brief, for appellee.

Before SOPER and BOREMAN, Circuit Judges, and FIELD, District Judge.

PER CURIAM.

Leroy Burley appeals from an order of the District Court for the District of Maryland dismissing his petition for a writ of habeas corpus, after a hearing. Burley was indicted on two charges of mayhem, two charges of assault and one charge of disturbing the peace arising out of his participation in a riot. He was tried in the Criminal Court of Baltimore, Maryland, where he was convicted of each charge and sentences of eight years, to run concurrently, were imposed. He is presently being detained in the Maryland House of Correction.

Burley's petition under the Maryland Post Conviction Procedure Act [1] was dismissed by the Criminal Court of Baltimore following a hearing where he was represented by court-appointed counsel. His application for leave to appeal to the Court of Appeals of Maryland was denied in a per curiam opinion [2] and his subsequent petition for a writ of certiorari was denied by the Supreme Court of the United States.[3]

1. Annotated Code of Maryland (1957 Ed.), Article 27, Sections 645A–645J.

2. Burley v. Warden, 1959, 220 Md. 670, 154 A.2d 924.

3. Burley v. Warden, 1960, 362 U.S. 905, 80 S.Ct. 616. 4 L.Ed.2d 556.

In the instant case Burley complains that, among other things, (1) he was arrested without warrant or probable cause; (2) he was denied the right to be confronted by witnesses against him; (3) he was denied a speedy trial; (4) he was falsely charged by the police; (5) he was denied the right to make a full statement; and (6) his attorney withheld evidence which would have been favorable to him and knowingly permitted the State's Attorney to introduce perjured testimony against him.

In dismissing Burley's petition for leave to appeal, the Court of Appeals of Maryland stated that one contention needed amplification, namely, that the attorney of his own selection "did knowingly let State's Attorney use false testimony." The court pointed out that this allegation was not designed to charge the State's Attorney with knowledge of the falsity of testimony or complicity in producing such testimony. See Burley v. Warden, footnote 2. After a hearing, the District Court concluded that Burley had " * * * not established the facts which he alleged constitute such a conspiracy or collusion" and found as a fact " * * * that there was no such conspiracy or collusion between the attorneys which would tend to vitiate the due process of law in the actual trial * * *." In referring to the complaints concerning matters preceding his trial and conviction on the charge of mayhem, the District Court stated:

"I have explained heretofore to the petitioner in this proceeding that those matters were relevant in the present proceeding only insofar as they related to the possibility that there was substance in his contention that at his trial * * * there was collusion or conspiracy between the prosecuting assistant state's attorney, Mr. Murphy, and the attorney for the defendant by his own selection, resulting in the failure to bring to the attention of the trial judge certain facts applicable to the case which would have been favorable to the defendant and prejudicial to the state."

The court held, in effect, that the allegations with respect to matters preceding the trial were not substantiated.

It is clear that the allegations of the petition have been fully considered and we find no reason on this record to conclude that the District Court erred in denying the petition. The District Judge has not issued a certificate of probable cause for appeal. Since our examination discloses no ground for appeal, the members of this court decline to grant such a certificate. The appeal will be dismissed for want of a certificate of probable cause. See Burgess v. Warden, Maryland House of Correction, 4 Cir., 284 F. 2d 486.

Appeal dismissed.