Henry R. **ANDERSON**, Petitioner-Appellant,

v.

STATE OF KENTUCKY, Robert B. Bird, Chief Justice, Court of Appeals of Kentucky, William L. Jones, Warden, Kentucky State Penitentiary, Respondents-Appellees.

No. 14468.

United States Court of Appeals Sixth Circuit.

March 27, 1961.

**334**

Henry R. Anderson, pro se.

John Breckinridge, Atty. Gen. of Kentucky, Troy D. Savage, Asst. Atty. Gen., for respondents.

Before CECIL, WEICK and O'SULLIVAN, Circuit Judges.

PER CURIAM.

The petitioner herein, Henry R. Anderson, a prisoner of the Commonwealth of Kentucky, under sentence of death, filed a notice of appeal in the United States District Court, for the Western District of Kentucky, Louisville Division, and his case was docketed in this Court.

The record reveals the following proceedings in the District Court: On December 15, 1960, the petitioner filed a poverty affidavit and requested leave of the Court to file a petition for injunc-

tion and habeas corpus in forma pauperis. The petition was filed on January 12, 1961. On the same date a judge of the District Court granted leave to proceed in forma pauperis and denied the petition for injunction and habeas corpus. The petitioner then filed his notice of appeal on January 23, 1961. The District Judge declined to issue a certificate of probable cause on the same date.

The case was docketed in this Court on January 26, 1961 and the papers from the District Court, consisting of affidavit in forma pauperis, petition, order of the Court of January 12th, notice of appeal and order of the Court, of January 23rd, were filed.

On February 15th, the Attorney General of Kentucky filed a motion to dismiss the appeal for the reasons that the appellant has no certificate of probable cause and he has not exhausted his state remedies, as there is now pending in the Court of Appeals, of the State of Kentucky, an appeal from the judgment of the Jefferson Circuit Court.

The petitioner then, on February 20th, filed a motion to dismiss and set aside the state's motion and for a certificate of probable cause. On the same date he filed a response to the state's motion to dismiss.

This fourteen-page response of the petitioner, as is true of previous papers filed by him, is filled with meaningless legal jargon, and with charges of conspiracy, involving the Supreme Court of the United States, the postal authorities, judges and law enforcement officers who have had some official contact with his case. In this so-called response he continues his practice of abusing judges, including circuit and appellate judges of the state of Kentucky and district and appellate judges of the federal courts.

If all of the judges now on the prisoner's list are crooks, conspirators and are guilty of fraud, one wonders how it happens that this has been revealed only to the prisoner. We are confident that there is not one of the judges on

petitioner's condemned list, who has been the subject of his vicious and abusive language, who, in spite of all that, would not lean over backwards to see that petitioner is accorded all the rights and privileges to which he is entitled under the law.

The judges of these courts, within the limits of judicial decision, have tried to advise this defendant-appellant of his legal rights. It is high time that he stop placing his mistaken ideas of law above the knowledge of the courts and that he sit up and listen before it is too late.

The appellant can have no appeal to this Court in a habeas corpus case, without a certificate of probable cause. Section 2253, Title 28 U.S.C. This section provides: "An appeal may not be taken to the court of appeals from the final order in a habeas corpus proceeding where the detention complained of arises out of process issued by a State court, unless the justice or judge who rendered the order or a circuit justice or judge issues a certificate of probable cause." By this statute this Court or an individual judge thereof may issue the certificate.

■ Upon consideration of the appellant's motion, we decline to issue such a certificate. By his petition he seeks to have a former habeas corpus case reinstated. In that case the district judge denied the application for a writ and this Court dismissed the application for lack of jurisdiction. Anderson v. Jones, 281 F.2d 684 (July 29, 1960.) That opinion is applicable in every respect to the appellant's present petition.

■■ The petitioner now seeks one additional remedy over that of a writ of habeas corpus. He seeks to restrain the Court of Appeals of Kentucky from appointing lawyers to represent him in that court on his appeal. As was said by the district judge, the federal courts do not have jurisdiction to restrain the judges of a state court from performing a discretionary duty that is in no sense a violation of a federal constitutional right.

In our previous opinion, above cited, we said there is no basis for an action in habeas corpus until state remedies are exhausted. Section 2254, Title 28 U.S.C. reads as follows: "An application for a writ of habeas corpus in behalf of a person *in custody pursuant to the judgment of a State court* shall not be granted unless it appears that the *applicant has exhausted the remedies available in the courts of the State,* or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

■ "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, *if he has the right under the law of the State to raise, by any available procedure,* the question presented." (Emphasis added.) In the event of an adverse ruling by the Court of Appeals of Kentucky, compliance with the exhaustion of remedy statute would at least require the appellant to petition the Supreme Court of the United States for a writ of certiorari. For a discussion of this subject see: Brown v. Allen, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469; Darr v. Burford, 339 U.S. 200, 70 S.Ct. 587, 94 L.Ed. 761.

The appellant seems to belittle the value of his appeal in the Court of Appeals of Kentucky. He should understand that *only* in that Court *can most, if not all, of the errors of which he complains* in his seventy-one page document be considered.

■ He should further realize that the jurisdiction of a United States District Court in a habeas corpus matter, where the prisoner is in custody by virtue of state process, is extremely limited. *The case is not retried de novo.*

Section 2241(c) of Title 28 U.S.C. provides: "The writ of habeas corpus shall not extend to a prisoner unless—* *

(3) He is in custody in violation of the Constitution or laws or treaties of the United States."

Very few of the complaints usually made by state prisoners rise to the dignity of a violation of the Constitution of the United States.

At the risk of becoming subject to the vicious abuse of the prisoner, we endeavor to point out that his appeal to the Kentucky Court of Appeals is the most valued right that he has.

The motion of the appellant for a certificate of probable cause is denied and the appeal dismissed.