Robert L. **FERRARIO**, Petitioner,

v.

The **STATE OF NEBRASKA**, Nebraska Supreme Court, Lancaster County District Court, and Maurice H. Sigler, Warden, Nebraska State Penitentiary, Respondents.

**Misc. No. 373.**

United States Court of Appeals Eighth Circuit.

Nov. 5, 1965.

Robert L. Ferrario, pro se.

Mel Kammerlohr, Asst. Atty. Gen., Lincoln, Neb., filed no response.

Before VAN OOSTERHOUT and GIBSON, Circuit Judges.

PER CURIAM.

Petitioner, Robert L. Ferrario, is serving a sentence in the Nebraska State Penitentiary of seven years, rendered August 23, 1963, on a plea of guilty to the charge of assault with intent to commit robbery, by the District Court for Lancaster County, Nebraska.

On June 22, 1965, petitioner filed for writ of habeas corpus in the United States District Court for the District of Nebraska. In his application he sought relief from custodial regulations of the penitentiary and sought an injunction to retain his own law books in his personal living quarters, in addition he requested process against various public officials, public hearings, and pre-trial conferences. Judge Van Pelt dismissed the petition July 2, 1965 for the reason that petitioner had not exhausted his state court remedies.

On July 13, 1965 petitioner filed a "Motion to Sever Petition for Injunction from Petition for Habeas Corpus." Much supporting data were filed with petitioner's application making it difficult to ascertain whether there existed any factual basis for petitioner's complaints. Apparently all his statements are conclusional and no factual situation is pleaded which would merit relief. Judge Van Pelt on that same date entered an order overruling all of petitioner's motions.

Petitioner's next step was to file a Motion for Disqualification of Judge Van Pelt. This motion contained no factual recital that merited consideration and the same was overruled on the same date.

On September 1, 1965 petitioner filed a "Motion for Disqualification and Affidavit in Support Thereof," a "Combined Motion to Proceed in Forma Pauperis," a "Notice of Pro Se Action and Motion

for Issuance of Necessary Process," "Motion for pre-trial Conference," "Motion to be Excused from Service of Papers," "Motion to Hold Court in the Auditorium of the Nebraska State Penitentiary and Alternate Location," "Motion for Inspection of Premises by the Court," "Motion for Production by Respondent of Original Papers," "Motion for Waiver of Rules concerning Printing and Size of Paper," "Petitioner's Notice of Protest of Mailing Procedures," and a "Petition for Declaratory Judgment and Injunction," all of which largely contained a rehash of his previous applications and likewise contained no factual recitals that presented a justiciable issue to the Court.

Chief Judge Richard E. Robinson denied the petition for writ of habeas corpus and all of the other pending motions under date of September 1, 1965 for the reason that:

"* * * the petition and the voluminous documents filed therewith show on their face that petitioner has not exhausted his available State remedies. The fact that petitioner has attempted to make the Nebraska State courts parties to this action does not, of course, alter the availability of the Nebraska procedure which has recently been provided by the Legislature of that State. In accordance with 28 U.S. C.A. § 2254, we must therefore deny the relief requested."

On September 14, 1965, petitioner filed a pleading styled "Petitioner's Motion for Proper Action and Information in the above entitled Action", which motion was treated by Judge Robinson as one for reconsideration of the Court's order of September 1, 1965, denying petitioner's request for a writ of habeas corpus. The original denial was also for the reason that the declaratory judgment and injunction actions could not be separated from the petition for writ of habeas corpus, as was requested by the petitioner. The District Court held as previously that it had no jurisdiction over the habeas corpus petition [because of the non-exhaustion of State remedies] and that there was no basis for jurisdiction over the declaratory judgment and the injunction action "if they were to stand alone", since there is no diversity of citizenship and no other apparent basis for federal jurisdiction.

On September 22, 1965, petitioner filed a motion for leave to proceed [on appeal] in Forma Pauperis. Judge Robinson on September 24, 1965 entered an order denying certificate of probable cause to appeal. (Order amended on October 4, 1965 to correct a typographical error).

Petitioner, on October 5, 1965, filed in this Court an application entitled "Petitioner's Designation of Record-on-Appeal Papers and Points to be Considered on Appeal," and on October 7, 1965, filed an "Application for Leave to File an Appeal Directly in the Court of Appeals," which motion we will treat as an application to this Court for a certificate of probable cause to appeal, as required by 28 U.S.C.A. § 2253. See In re Application of Burwell, 350 U.S. 521, 76 S.Ct. 539, 100 L.Ed. 666.

■ The varied applications filed by the petitioner in the United States District Court do not contain a factual basis upon which to establish any Federal jurisdiction. The trial court's action in denying the writ of habeas corpus is well taken on the basis that petitioner had not exhausted the state remedies made available by the state of Nebraska's recently adopted procedure for post-conviction relief and review.

■ Although it is difficult to review the many other motions and complaints of petitioner and the voluminous supporting papers filed therewith, the Court is unable to find any justiciable issue pleaded by petitioner. The dismissal of the "Motion to Sever Petition for Injunction from Petition for Habeas Corpus" was fully justified. When separated from the habeas corpus petition these additional allegations do not come under any provision of the law which would vest in the Federal courts' jurisdiction to view the merits of these claims. Likewise, the District Court was justified

in dismissing the various other petitions and motions. Petitioner has failed to in any way show how the Federal court would have the jurisdiction to give them consideration. The allegations of petitioner are conclusional and contain only citations of general law without showing any factual relationship to his own situation. On the basis of the whole record, we find that it conclusively shows that the Federal courts have no jurisdiction to examine petitioner's claims. The whole record conclusively shows that petitioner is entitled to no habeas corpus or other relief. Petitioner should exhaust his state remedies before applying to the United States District Court. 28 U.S.C.A. § 2254.

  

Petitioner's application for a certificate of probable cause by this Court is denied. Without a certificate of probable cause, petitioner's appeal cannot be considered and is dismissed.