In the

# United States Court of Appeals

## For the Seventh Circuit

No. 02-3875

CHARLES B. THOMAS,

*Petitioner-Appellant,*

*v.*

UNITED STATES OF AMERICA,

*Respondent-Appellee.*

Appeal from the United States District Court
for the Southern District of Illinois.
No. 00-4304 (98-40044)—**J. Phil Gilbert**, *Judge.*

On Petition for Rehearing
and Rehearing En Banc

DECIDED—APRIL 16, 2003

Before EASTERBROOK, EVANS, and WILLIAMS, *Circuit Judges.*

EASTERBROOK, *Circuit Judge.* Charles Thomas is serving a term of 300 months' imprisonment for possessing crack cocaine with intent to distribute. We affirmed his conviction on direct appeal. *United States v. Thomas*, No. 99-2455 (7th Cir. Feb. 7, 2000) (unpublished order). After the Supreme Court denied his petition for certiorari, 531 U.S. 969 (2000), Thomas commenced a collateral attack under 28 U.S.C. §2255. The district court denied his peti-

tion and declined to issue a certificate of appealability. See 28 U.S.C. §2253(c). Under this court's Operating Procedure 1(a)(1), his appeal was submitted to two judges, who considered independently whether Thomas's contentions meet the standard for a certificate. Both judges gave a negative answer. Once two judges have concluded that appeal does not present any substantial issue, the appellant has no prospect of success on the merits (for two is a majority of a three-judge panel), and the application is not referred to a third circuit judge. Thus the court issued an order denying Thomas's request for such a certificate, a step that brought his appeal to a close. *Thomas v. United States*, No. 02-3875 (7th Cir. Feb. 7, 2003) (unpublished order).

Thomas then filed what he styles a "Petition for Rehearing and/or Rehearing (En Banc)". It poses a number of questions about how we should handle prisoners' filings after the court has declined to issue a certificate of appealability. None of the Federal Rules of Appellate Procedure, the Rules of the Seventh Circuit, or the circuit's Operating Procedures addresses these issues. The court therefore submitted Thomas's request to the three-judge motions panel that was serving at the time two of the three had acted on his request for a certificate.

**1.** The first question is whether a prisoner can obtain reconsideration of a decision not to issue a certificate of appealability. No statute or rule forbids such a step; §2253 does not have language parallel to 28 U.S.C. §2244(b)(3)(e), which says that an order denying permission to commence a second or successive collateral attack may not be reviewed by rehearing or certiorari. Still, if reconsideration would amount to the commencement of a second collateral attack, then the prisoner must satisfy the criteria for that measure (see §2244(b)(3), §2255 ¶8) rather than the lower threshold of §2253(c). Some post-decision motions in a collateral attack must be treated as equivalent to efforts to

launch additional collateral proceedings; one example, from *Calderon v. Thompson*, 523 U.S. 538, 553-54 (1998), is an application to recall the appellate mandate. Similarly, a motion filed in the district court under Fed. R. Civ. P. 60(b), after the time for appeal has expired, usually must be treated as a new collateral attack. See, e.g., *Dunlap v. Litscher*, 301 F.3d 873 (7th Cir. 2002); *Burris v. Parke*, 130 F.3d 782 (7th Cir. 1997). But a motion in the district court before time to appeal has run does not come within this rule, see *Johnson v. United States*, 196 F.3d 802 (7th Cir. 1999), and likewise with a motion in the court of appeals while time remains under Fed. R. App. P. 40(a)(1). A timely request for reconsideration is a motion in the original case, not a disguised effort to start a new case. Thomas filed his petition within the time allowed by Rule 40(a)(1), so it is properly before us.

**2.** There is some doubt whether such a document should be called a "petition for rehearing" or instead a "motion for reconsideration"—though the caption is semantic rather than substantive. For most purposes it makes sense to limit the phrase "petition for rehearing" to a request for review of a panel's decision on the merits. Someone displeased with another kind of decision—for example, an order by a motions judge denying a request to file a brief longer than the cap in Fed. R. App. P. 32—files a motion for reconsideration. A decision by two judges, considering the papers *seriatim*, that the prisoner has not demonstrated the existence of a substantial constitutional question, falls somewhere in between. It is not a decision "on the merits": *Miller-El v. Cockrell*, 123 S. Ct. 1029 (2003), holds that the merits differ from the criteria for a certificate of appealability. Many prisoners who seem likely to lose in the court of appeals nonetheless are entitled to certificates of appealability under the statutory standard; meritorious appeals are a subset of those in which a certificate should issue. Yet the denial of a certificate

concludes the appeal; it has the same *effect* as an adverse decision on the merits. A request for reconsideration therefore should be treated the same as a petition for rehearing, no matter what caption it bears—first because denial ends the appeal, and second because a belief that the appellant is entitled to prevail on the merits means that a certificate of appealability should have issued.

**3.** This implies that a two-judge decision declining to issue a certificate of appealability is eligible for rehearing en banc, even though neither Fed. R. App. P. 35 nor Circuit Rule 35 contemplates en banc review of an ordinary motion. A request for a certificate is enough to put the case "in" the court of appeals. See *Hohn v. United States*, 524 U.S. 236 (1998). Denial thus may be reviewed by the Supreme Court on writ of certiorari, as in *Hohn*, *Miller-El*, and *Slack v. McDaniel*, 529 U.S. 473 (2000). Any order that terminates the appeal, and may be reviewed by the Supreme Court, also should be eligible for review by the full court of appeals. Occasionally the denial of a request for a certificate of appealability will present the sort of legal question that justifies rehearing en banc; that option should be available, even though the search for a needle in the haystack of *pro se* motions has a potential to tax this court's resources (as the *forma pauperis* docket taxes the Supreme Court's). Consequently, a document (whether styled "petition for rehearing" or "motion for reconsideration") that seeks review by the court en banc will be distributed to all active judges. This has been done with Thomas's petition.

**4.** There remains the question how judges who were not on the motions panel should deal with the petition. Does it invite each active judge (11 on this court; up to 28 elsewhere) to decide independently whether a substantial constitutional issue has been presented and issue a certificate unilaterally? We think not. This court resolved when it adopted Operating Procedure 1(a)(1) that only two circuit judges would conduct the review required by

§2253(c). A request for rehearing en banc poses, not the question whether any particular active judge would deem a constitutional issue substantial, but whether an important and controlling issue of law requires resolution by the full court—either to maintain uniformity within the court or to resolve a question of exceptional importance. That is the standard set by Fed. R. App. P. 35(a). An appeal does not come before any of the judges (other than the two who acted under Operating Procedure 1(a)(1)) for *decision* unless en banc review first is granted; otherwise the panel's resolution stands. Moreover, even when rehearing en banc is granted, this does not empower any particular judge to issue a certificate unilaterally; once the case has been set for hearing en banc, the majority prevails. That is why none of the Justices in *Hohn*, *Slack*, or *Miller-El* unilaterally issued a certificate of appealability (a step that would have made further consideration unnecessary in each of these cases).

To sum up: an order declining to issue a certificate of appealability is subject to rehearing by the panel (on timely motion) and review by the court en banc—but, unless rehearing en banc is granted, a certificate of appealability will issue only if one of the judges to whom the application was referred under Operating Procedure 1(a)(1) concludes, on reconsideration, that the statutory criteria for a certificate have been met.

Because this opinion clarifies the operating procedure of the court, it was circulated to all active judges under Circuit Rule 40(e). No judge favored rehearing en banc.

This motions panel unanimously concludes that the standards of §2253(c) have not been met and that a certificate of appealability should not be issued. Thomas's principal argument is that the indictment was fatally defective because it did not specify the quantity of crack cocaine that he possessed with intent to distribute. This

argument is not substantial, given cases such as *United States v. Cotton*, 535 U.S. 625 (2002), and *United States v. Bjorkman*, 270 F.3d 482, 490-92 (7th Cir. 2001). *Bjorkman* holds that *Apprendi v. New Jersey*, 530 U.S. 466 (2000), does not make drug quantity an "element" of the offense under 21 U.S.C. §841, and *Cotton* holds that failure to allege and prove a particular quantity does not deprive the district court of jurisdiction or otherwise automatically render the judgment invalid. Thomas's 300-month sentence is lawful if a properly instructed jury would have found, beyond a reasonable doubt, that Thomas possessed with intent to distribute at least 5 grams of crack cocaine. See 21 U.S.C. §841(b)(1)(B)(iii) (40-year maximum on conviction of crime involving 5 or more grams of crack). Thomas concedes that 7 grams were seized from his home, and he does not seriously deny that he planned to distribute this much. The findings of additional relevant conduct, which raised the Guideline range, are not subject to *Apprendi*'s holding; relevant conduct is ascertained by a judge on the preponderance standard, provided that the statutory maximum is respected. See *Edwards v. United States*, 523 U.S. 511 (1998). Thomas's other arguments are insubstantial, individually and collectively, for the reasons given by the district judge. The petition for rehearing therefore is denied.

A true Copy:

      Teste:

 

                      _____

                      *Clerk of the United States Court of Appeals for the Seventh Circuit*