## CRABTREE v. UNITED STATES.
### No. 14672.

United States Court of Appeals,
Fifth Circuit.
.Dec. 30, 1953.

Bert Crabtree in pro. per.

William Cantrell, Jr., Asst. U. S. Atty., William O. Braecklein, Asst. U. S. Atty., Dallas, Tex., for appellee.

Before HUTCHESON, Chief Judge, and HOLMES and RUSSELL, Circuit Judges.

RUSSELL, Circuit Judge.

Appellant Crabtree was tried and convicted upon both counts of an indictment charging, in Count 1, the mailing of an obscene letter, 18 U.S.C., § 1461, and, in Count 2, the mailing of a threatening letter, 18 U.S.C., § 876, to a specified addressee. The court imposed consecutive sentences of five years on each count of the indictment. After being committed for the service of sentence to the federal penitentiary at Leavenworth, Kansas, defendant filed a mo-

tion to vacate the sentences under the authority of section 2255 of Title 28, U.S.C., asserting several grounds. Some of these are so patently not proper grounds for collateral attack that they need not be noticed.

The motion does assert that the movant, prior to the commission of the offenses and the time of trial, had been adjudged an insane person in four prior proceedings. As to this, it appears from the order of the court, which denied the motion without a hearing, that, upon the prior insanity adjudications becoming known, the court directed that the defendant be sent to, and examined by, a qualified psychiatrist, who pronounced him sane, and also that the defendant's defense of insanity was fully presented to the jury, which rejected it.[1] The action of the court was in full accord with the provisions of the statute which prescribes the procedure to be followed when the court is informed, or believes, that a question of mental incompetency of a defendant exists after arrest and before trial. 18 U.S.C.A. § 4244. The former adjudications in insanity proceedings did not preclude a federal court from further proceeding to determine the question of mental competence. Especially is this so where, as here, the precise issue was submitted to the jury as a defense to the commission of the crime.

The court twice appointed counsel for the defendant, since he was displeased with the first appointment. He was represented at the trial by counsel appointed by the court. His complaints amount to no more than that his lay judgment differs from the professional judgment exercised by such counsel in the conduct of the trial.

The remaining grounds of the motion pertain only to claims of irregularity or impropriety in the conduct of the trial and these, of course, do not afford proper grounds for collateral attacks upon the sentences.

In this court, by what is denominated a petition for the writ of *habeas corpus* and a supplement thereto, the appellant further urges the matter of his prior adjudications of insanity, and additionally, that the sentence of ten years is illegal in that only one letter was involved and consequently its mailing could not give rise to two separate offenses. Of course, this court has no jurisdiction of a *habeas corpus* proceeding by the appellant. This point was not presented to the trial court. Furthermore, it is without merit wherever and however presented, since the offenses alleged in the two counts of the indictment arise from different statutes which relate to, and prohibit, different features and types of communications by mail. Each statute requires proof of a fact which the other does not, so that an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other. As this court has recently observed, "In determining if separate counts in an indictment constitute the same offense, the test to be applied is whether each provision requires proof of additional facts or evidence." Normandale v. United States, 5 Cir., 201 F.2d 463, 464. At this date there is no possible room for doubt of the correctness of this statement and further citation is unnecessary. However, the curious may consult Morgan v. Devine, 237 U.S. 632, 641, 35 S.Ct. 712, 59 L.Ed. 1153, and citations; Albrecht v. United States, 273 U.S. 1, 47 S.Ct. 250, 71 L.Ed. 505; Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306; United States v. Michener, 331 U.S. 789, 67 S.Ct. 1509, 91 L.Ed. 1818, reversing Michener v. United States, 8 Cir., 157 F.2d 616; Bacom v. Sullivan, 5 Cir., 200 F.2d 70.

The trial court did not err in dismissing the motion of appellant.

Judgment affirmed.

---

1. In its order the court further recited: "The defendant appeared to the court in the letters he has written and in the testimony at his trial as being a man fully up to the average intellectually."