Renee BINS, Appellant,

v.

UNITED STATES of America, Appellee.

No. 20237.

United States Court of Appeals Fifth Circuit.

May 5, 1964.

Rehearing Denied July 2, 1964.

Richard R. Booth, James L. Guilmartin, Stanley Jay Bartel, Walters, Moore & Costanzo, Miami, Fla., for appellant.

Edith House, Robert C. Josefsberg, Asst. U. S. Attys., William A. Meadows, Jr., U. S. Atty., Miami, Fla., for appellee.

Before BELL, Circuit Judge, and INGRAHAM,* District Judge.

---

* Judge Cameron, the third judge constituting the Court originally hearing this case, died after argument but before decision. Consequently, this decision and opinion is rendered by a quorum pursuant to Title 28 U.S.C.A. § 46(c) and (d).

**392**

INGRAHAM, District Judge.

Appellant was convicted, on three counts, of making false statements to the Federal Housing Administration in violation of 18 U.S.C.A. §§ 1001, 1010. Appellant contends (1) that both counts one and two are fatally defective because they fail to contain an allegation of materiality; (2) that counts one and two are fatally defective in that they each charge at least two offenses in violation of Rule 8(a), Federal Rules of Criminal Procedure; (3) that the trial court erred in denying a continuance after the Government failed to make timely production of the essential documents involved in the charges; and (4) that the Government failed to prove essential elements of the offenses charged in counts one and two, and that there was an entire failure of proof as to count three.

■ We find no merit in points (1), (3), or (4). Although materiality is not explicitly alleged in the indictment, it is alleged in substance. And this court recognizes that to be sufficient. Rolland v. United States, 200 F.2d 678 (5th Cir. 1953), cert. denied, 345 U.S. 964, 73 S. Ct. 950, 97 L.Ed. 1383 (1953). Nor was there error in the denial of the requested continuance. The testimony of appellant's own witness, the document examiner, indicates that there was sufficient time to prepare expert opinions and conclusions. In the light of this testimony, the denial of the continuance was neither an abuse of discretion nor harmful error. And having carefully examined the record in view of the arguments made by appellant, we are convinced that there is sufficient evidence to support the jury finding. There was no failure of proof.

■■ The second point advanced by appellant, however, requires a more thorough discussion. Rule 8(a), Federal Rules of Criminal Procedure,[1] permits the joinder of two or more offenses in the same indictment, but requires that each be stated in a separate count. Counts one and two of the indictment charge violations of 18 U.S.C.A. § 1010.[2] The essence of a violation of this section is the uttering and publishing of false documents with the intent to influence the F.H.A. Cohen v. United States, 178 F.2d 588, 591 (6th Cir. 1949), cert. denied, 339 U.S. 920, 70 S.Ct. 623, 94 L.Ed. 1344 (1949). Each violation should be set out in a separate count. But in the indictment under consideration each of counts one and two alleges that defendant did make, pass, utter, and publish and cause to be made, passed, uttered and published certain statements, known to be false; and that said statements were contained in "Request for Verification of Employment", F.H.A. Form 2004G (dated December 24, 1960, in count one, and June 30, 1960, in count two), and "Supplement to Mortgagee's Application; and

---

1. "(a) *Joinder of Offenses.* Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan."

2. Sec. 1010. *"Federal Housing Administration transactions*
    "Whoever, for the purpose of obtaining any loan or advance of credit from any person, partnership, association, or corporation with the intent that such loan or advance of credit shall be offered to or accepted by the Federal Housing Administration for insurance, or for the purpose of obtaining any extension or renewal of any loan, advance of credit, or mortgage insured by such Administration, or the acceptance, release, or substitution of any security on such a loan, advance of credit, or for the purpose of influencing in any way the action of such Administration, makes, passes, utters, or publishes any statement, knowing the same to be false, or alters, forges, or counterfeits any instrument, paper, or document, or utters, publishes, or passes as true any instrument, paper, or document, knowing it to have been altered, forged, or counterfeited, or willfully overvalues any security, asset, or income, shall be fined not more than $5,000 or imprisoned not more than two years, or both."

Mortgagor's Statement", F.H.A. Form 2004C (dated December 29, 1960, in count one, and July 7, 1960, in count two).

Appellee urges that the acts alleged are disjunctive rather than duplicitous, and that the two separate documents were only cited to add specificity. However, it is well settled that the test for determining whether several offenses are involved is whether identical evidence will support each of them, and if any dissimilar facts must be proved, there is more than one offense. Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932); Morgan v. Devine, 237 U.S. 632, 35 S.Ct. 712, 59 L.Ed. 1153 (1915). And it can hardly be denied that the making, passing, uttering, and/or publishing of F.H.A. Form 2004C requires proof of a fact other than that required to prove the making, passing, uttering, and/or publishing of F.H.A. Form 2004G. The most obvious additional fact as to each document is the fact that they are different documents. Nor is it of any consequence that all of the documents referred to in each count are part of a single transaction. The documents were executed on different dates. Whether a continuous transaction results in the commission of but a single offense or separate offenses is not dependent on the number of unlawful motives in the mind of the accused, but is determined by whether separate and distinct prohibited acts, made punishable by law, have been committed. Caballero v. Hudspeth, 114 F.2d 545, 547 (10th Cir. 1940). The filing of each false document would constitute a crime, and each should be alleged in a separate and distinct count of the indictment.

But appellee further argues that even assuming each count is duplicitous, such is harmless error. Two cases are relied upon to support this view; Reno v. United States, 317 F.2d 499 (5th Cir. 1963), and United States v. Goodman, 285 F.2d 378 (5th Cir. 1960). Neither case lends any credence to appellee's position. The Reno case actually held that the indictment was *not duplicitous*. That fact alone distinguishes the Reno case from the one now under consideration, but that is not the only distinguishing factor. The district court in the Reno case, through its instruction to the jury, limited the trial strictly to a single charge. This limitation was repeated several times. No such limiting instruction was given in the instant case. And in the Goodman case, this court reversed a judgment dismissing all eight counts of an indictment. To the allegation of a duplicitous count, this court said that the error would be harmless if the United States were required to elect upon which charge it would proceed. But the United States was not required to make such an election in the instant case. It is true that appellant's counsel failed to request such an election, but appellant did move to dismiss the indictment—one of the grounds for such motion being that counts one and two were duplicitous—and the motion was denied.

The failure to correct the duplicitous nature of the indictment in some manner was error. This becomes clear when you try to determine what the jury found. The jury cannot find a defendant guilty as to one of the offenses charged in the duplicitous count and not guilty as to the other charge in the same count; and a general verdict of guilty does not reveal whether the jury found the defendant guilty of one crime and not guilty of the others, or guilty of all of them. More specifically, it is impossible to determine whether the jury found appellant guilty of making, passing, uttering, and/or publishing Form 2004C, or doing so as to Form 2004G, or both.

The judgment is affirmed as to count three. Since there is an approved procedure for submitting duplicitous counts by limiting instructions, the judgment, as to counts one and two, is reversed and remanded.