James C. HATTAWAY, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 24969.

United States Court of Appeals
Fifth Circuit.

July 31, 1968.

Edward C. Flood, Bartow, Fla., J. Julian Bennett, Winter Haven, Fla., for appellant.

E. J. Salcines, Asst. U. S. Atty., Tampa, Fla., Joseph W. Hatchett, Asst. U. S. Atty., Jacksonville, Fla., for appellee.

Before POPE *, TUTTLE and CLAYTON, Circuit Judges.

PER CURIAM:

On January 23, 1966, the appellant, James C. Hattaway, and his wife were jointly indicted but tried separately on a charge of violation of the federal kidnapping act (18 U.S.C.A. § 1201). Both were found not guilty. Approximately seven months later, Hattaway and his wife were again jointly indicted for violation of the Mann Act (18 U.S.C.A. §§ 2, 2421). Hattaway was separately tried, found guilty and sentenced to imprisonment. Both indictments were predicated upon an interstate escapade in which Hattaway and his wife transported a 15-year-old girl. There is no attack on this appeal on the sufficiency of the evidence, and no good purpose would be served by discussing it more than necessary to explain our decision. Suffice it now to say, that the evidence showed to the satisfaction of the jury that Hattaway's (and his wife's) conduct was facinorous.

Consistently with his position which was several times made of record in district court, appellant here claims, as the sole basis of this appeal, that the effect of the second indictment and trial was to place him in double jeopardy contrary to his rights under the Fifth Amendment to the Constitution. Essentially, appellant's argument is that the test of double jeopardy should not be whether two different offenses have been charged but whether the two indictments arise out of the same transaction. But the Supreme Court has already answered appellant's contention in Gavieres v. United States, 220 U.S. 338, 342, 31 S.Ct. 421, 422, 55 L.Ed. 489 (1911), when it there said:

A conviction or acquittal upon one indictment is no bar to a subsequent conviction and sentence upon another, unless the evidence required to support a conviction upon one of them would have been sufficient to warrant a conviction upon the other. The test is not whether the defendant has already been tried for the same act, but whether he has been put in jeopardy for the same offense. A single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other.

■■ For a double jeopardy claim to be viable, it must be shown that the two offenses charged are in law and in fact the same offense. United States v. Ewell, 383 U.S. 116, 86 S.Ct. 773, 15 L.Ed. 2d 627 (1966), and Bacom v. Sullivan, 200 F.2d 70 (5 Cir. 1952), cert. den. 345 U.S. 910, 73 S.Ct. 651, 97 L.Ed. 1345 (1953). Appellant's second prosecution and conviction for transporting a minor in interstate commerce for immoral purposes was not unconstitutional. The fact that the same trip, the same acts and basically the same testimony were presented in both trials does not, in and of itself, establish double jeopardy because two separate and distinct crimes were charged and, therefore, acquittal of the kidnapping charge did not bar prosecution and will not invalidate the conviction of Hattaway on the Mann Act violation by reason of the fact that both prosecutions are based on the same act. Pereira v. United States, 202 F.2d 830 (5 Cir. 1953), affd. 347 U.S. 1, 74 S.Ct. 358, 98 L.Ed. 435.

■ Offenses are not the same if, upon the trial of one, proof of an additional fact is required which is not necessary to be proved in the trial of the other, although the same acts may be necessary to be proved in the trial of each. Ebeling v. Morgan, 237 U.S. 625, 35 S.Ct. 710, 59 L.Ed. 1151 (1915); Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932); Gore v. United States, 357 U.S. 386, 78 S.Ct. 1280, 2 L.Ed.2d 1405 (1958); Bins v. United States, 331 F.2d 390 (5 Cir.

* In the Ninth Circuit, sitting by designation.

1964); and Crabtree v. United States, 209 F.2d 164 (5 Cir. 1953), cert. den. 347 U.S. 961, 74 S.Ct. 710, 98 L.Ed. 1104. See also, Burton v. United States, 202 U.S. 344, 26 S.Ct. 688, 50 L.Ed. 1057 (1906) and Morgan v. Devine, 237 U.S. 632, 35 S.Ct. 712, 59 L.Ed. 1153 (1915).

■■ Here, the Mann Act charge is a separate and distinct offense from that of the Lindbergh Act charge. The former is not a lesser included offense within the latter. Different crimes may be committed by the same act, and prosecution may be had for either or both.[1]

■ Obviously, the legislative purposes leading to the enactment of the two statutes upon which these two indictments are based were separate and distinct from one another. Section 1201, Title 18, United States Code, was enacted two decades after the White Slave Act (18 U.S.C.A. § 2421 et seq.). Listing the elements to be established under the two charges will demonstrate that the offenses are not the same. Leaving out provisions for punishment, the elements to be established in the federal kidnapping charge are:

1) The transportation in interstate commerce

2) of an unconsented person who is

3) held for ransom or reward, or otherwise and

4) doing such acts knowingly and willfully.

■ The elements, however, are quite different under the Mann Act charge. They are:

1) The interstate transportation of a *woman* or *girl*

2) for purposes of prostitution, debauchery or other immoral purposes, and

3) doing such act or acts knowingly and willfully.

■ One very significant distinction is that consent would be a complete defense to a charge under the kidnapping statute; whereas, consent to be transported in interstate commerce for prostitution, debauchery or other immoral purposes is no defense to a Mann Act charge. In fact, the woman or girl transported in interstate commerce in many Mann Act cases has been a professional prostitute and a willing party to the transportation.

The eloquent argument of counsel for appellant designed to persuade us to cast aside established judicial precedents of the Supreme Court, of this court and of other federal courts stands naked and alone, unclothed of either persuasive or authoritative adjudgment. Thus, it fails to lead us from the beaten path. The appeal fails, and the case is affirmed.

---

1. There is a good analysis of the availability of a double jeopardy defense as it relates to kidnapping and sexual assault at 17 A.L.R.2d 1003.