**Darrel F. PARKER, Petitioner,**

v.

**Maurice M. SIGLER, Warden, Nebraska State Penitentiary, Respondent.**

No. 20053.

United States Court of Appeals Eighth Circuit.

Dec. 30, 1969.

Richard J. Bruckner, Schrempp, Rosenthal, McLane & Bruckner, Omaha, Neb., filed petition for writ of habeas corpus.

No brief or appearance by counsel for appellee.

Before VAN OOSTERHOUT, Chief Judge, and MATTHES and HEANEY, Circuit Judges.

PER CURIAM.

This court has before it petition for habeas corpus pursuant to 28 U.S.C.A. § 2241 filed in this court by Darrel F. Parker on December 8, 1969, and motion filed in connection therewith for an immediate hearing. The petition challenges the interpretation made by Judge Van Pelt, of the District of Nebraska, in an order he made on November 10, 1969, on the provisions of our decision and opinion in Parker v. Sigler, 8 Cir., 413 F.2d 459, particularly with respect to the pro-

visions made relating to the time in which Parker should be retried in the state court.

■ Courts of Appeals are given no jurisdiction under § 2241 or otherwise to entertain an original petition for habeas corpus and are hence without jurisdiction to entertain such petition. Loum v. Alvis, 6 Cir., 263 F.2d 836; Posey v. Dowd, 7 Cir., 134 F.2d 613.

■ Individual circuit judges do have jurisdiction over an original habeas corpus petition and it is likely possible that an individual judge could assume jurisdiction over the petition here filed. See In Re Burwell, 350 U.S. 521, 76 S.Ct. 539, 100 L.Ed. 666.

In the present situation, we do not deem it appropriate to follow such a course. Rule 22(a), Federal Rules of Appellate Procedure, reads:

"Application for the Original Writ. An application for a writ of habeas corpus shall be made to the appropriate district court. If application is made to a circuit judge, the application will ordinarily be transferred to the appropriate district court. If an application is made to or transferred to the district court and denied, renewal of the application before a circuit judge is not favored; the proper remedy is by appeal to the court of appeals from the order of the district court denying the writ."

Courts of Appeals by reason of distance from the parties, the pressure of appellate work and the lack of a proper trial staff and reporter are poorly equipped to handle original habeas corpus proceedings in which an evidentiary hearing is frequently required.

■ Little purpose would be served in having an individual circuit judge transfer the petition to the district court as the district court by its order of No-

vember 10 has considered the issue raised in this proceeding.

As indicated by Rule 22, ordinarily the appropriate way to attack a district court's order is by an appeal at the proper time.[1]

The petition is dismissed for want of jurisdiction.

---

1. It is doubtful whether the district court's order of November 10 is a final order or the type of an order from which an appeal lies. It does not dispose of the controversy and leaves its order open for further contingencies that may arise in connection with the certiorari proceedings pending to review our decision.