**Oscar Leon WILKES, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**No. 30599**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Feb. 4, 1971.

Oscar L. Wilkes, pro se.

Aaron K. Bowden, Asst. U. S. Atty., John L. Briggs, U. S. Atty., Middle District of Florida, Jacksonville, Fla., for appellee.

Before WISDOM, COLEMAN, and SIMPSON, Circuit Judges.

PER CURIAM:

This is an appeal from the district court's denial of the appellant's motion to vacate judgment and sentence pursuant to 28 U.S.C. § 2255. We affirm the ruling below.

The appellant pleaded guilty to the crimes of interstate transportation of counterfeit securities and interstate transportation of counterfeiting tools, both violations of 18 U.S.C. § 2314; and he was sentenced on November 1, 1963, to serve two consecutive five-year sentences. He now contends that he was subjected to double jeopardy on the ground that the simultaneous transportation of the counterfeited securities, and the tools used in counterfeiting those same securities, constitutes a single offense for which only one sentence legally can be imposed.

The double jeopardy allegation is without merit as the two counts clearly required different proof. Hattaway v. United States, 5 Cir. 1968, 399 F.2d 431.

---

1. See NLRB v. Amalgamated Clothing Workers of America, 5 Cir. 1970, 430 F.2d 966.

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

The appellant mistakenly relies on Ashe v. Swenson, 1970, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469, which involved successive prosecutions for robbery of each of several victims of the same robbery. That case did not involve the question whether two different charges were so similar that they constituted the same offense. Rather it found double jeopardy because, having been acquitted on the charge of robbing one victim where the main issue was whether the defendant was the person who had committed the crime, the defendant was entitled to the collateral estoppel effect of the jury's finding that he was not the robber. The Court did not conclude that the defendant in that case could not have been separately convicted of robbing each of the victims if he had been the robber.

Affirmed.