**UNITED STATES of America,
Appellee,**

v.

**Donald James DeMARRIAS, Appellant.**

**No. 20669.**

United States Court of Appeals,
Eighth Circuit.

May 4, 1971.

Lay, Circuit Judge, concurred in result and filed opinion.

---

Robert Vogel, Mandan, N. D., for appellant.

Eugene K. Anthony, Asst. U. S. Atty., Harold O. Bullis, U. S. Atty., Fargo, N. D., for appellee.

Before MATTHES, Chief Judge, and VAN OOSTERHOUT and LAY, Circuit Judges.

VAN OOSTERHOUT, Circuit Judge.

This is a timely appeal by defendant DeMarrias from his conviction on a plea of nolo contendere to the crime of involuntary manslaughter committed in Indian country in violation of 18 U.S.C.A. §§ 1153 and 1112.

Defendant filed a motion to dismiss the manslaughter indictment upon the ground that the prosecution of the action constitutes double jeopardy in violation of the Fifth Amendment. The supporting facts, established by affidavit, are undisputed. On June 21, 1970, defendant, as a result of the operation of his automobile in Indian territory, without malice, struck and killed Richard Prim-

eaux, an Indian. He was arrested by Tribal Police. He appeared before the Standing Rock Sioux Tribal Court on June 22, 1970, and entered a voluntary plea of guilty to charges of (1) driving while under the influence of intoxicating liquor or drugs, and (2) having in his car an open receptacle containing alcoholic beverages. His pleas of guilty were accepted, he was sentenced to thirty-days imprisonment, a $30 fine and costs on the first charge, and a $10 fine and costs on the second charge.

Defendant was indicted by the federal grand jury on the involuntry manslaughter charge here involved on July 31, 1970. The Tribal charges on which defendant was convicted and the present manslaughter charge all arose out of the same automobile trip which culminated in the fatal accident.

The trial court overruled the motion to dismiss. Defendant through his counsel entered a plea of nolo contendere, stating that he was doing so to preserve the double joeardy defense which he had raised by his motion. The United States Attorney offered no objection. The plea was accepted. It was understood by the court and counsel that defendant was persisting in his double jeopary defense. The Government on this appeal does not challenge defendant's right to raise such issue.

The only issue presented on this appeal is whether the court erred in rejecting the double jeopardy defense. Defendant places principal reliance on Waller v. Florida, 397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.2d 435 for a reversal. *Waller* held that the Florida municipal court and the Florida State court were arms of the same sovereignty and that a person tried in the municipal court cannot again be tried for the same offense in the State court.

Defendant contends that the Tribal Court and the federal district court should be considered arms of the same sovereignty. The issue raised presents a novel and troublesome question. We agree with the Government that this issue need not be resolved if the offenses

charged in the Tribal Court are not the same offenses charged in the federal indictment. For reasons which will hereinafter appear, we find it unnecessary to decide this issue and pretermit discussion thereof.

The crucial issue before us is whether the offense charged in the indictment is the same offense for which defendant was convicted in the Tribal Court. We hold that the offenses are not the same.

The double jeopardy clause of the Fifth Amendment reads: "nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb."

In Gavieres v. United States, 220 U.S. 338, 31 S.Ct. 421, 55 L.Ed. 489, defendant was charged with violating a Philippine statute making it an offense to insult a public official. He had previously been convicted of disorderly conduct in violation of a city ordinance. Both charges were based on the same words and acts of the defendant. The Court rejected the double jeopardy defense, holding:

> "It is to be observed that the protection intended and specifically given is against second jeopardy for the *same offense*. The question, therefore, is, Are the offenses charged, and of which a conviction has been had in the municipal court and in the court of first instance, identical. * * *
>
> \* \* \* \* \* \*
>
> "Applying these principles, it is apparent that evidence sufficient for conviction under the first charge would not have convicted under the second indictment. In the second case it was necessary to aver and prove the insult to a public official or agent of the authorities, in his presence or in a writing addressed to him. Without such charge and proof there could have been no conviction in the second case. The requirement of *insult to a public official* was lacking in the first offense. Upon the charge, under the ordinance, it was necessary to show that the offense was committed in a public place open to public view; the

insult to a public official need only be in his presence or addressed to him in writing. Each offense required proof of a fact, which the other did not. Consequently a conviction of one would not bar a prosecution of the other." 220 U.S. 338, 341–342, 343–344, 31 S.Ct. 421, 422–423, 55 L.Ed. 489.

In Hattaway v. United States, 5 Cir., 399 F.2d 431, defendant was acquitted on a kidnapping charge. He was subsequently charged with a Mann Act violation and convicted. Both indictments were based on the same interstate escapade and the same victim was involved in each. In rejecting the double jeopardy defense, the court states:

> "Offenses are not the same if, upon the trial of one, proof of an additional fact is required which is not necessary to be proved in the trial of the other, although the same acts may be necessary to be proved in the trial of each. Ebeling v. Morgan, 237 U.S. 625, 35 S.Ct. 710, 59 L.Ed. 1151 (1915); Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932); Gore v. United States, 357 U.S. 386, 78 S.Ct. 1280, 2 L.Ed.2d 1405 (1958); Bins v. United States, 331 F.2d 390 (5 Cir. 1964); and Crabtree v. United States, 209 F.2d 164 (5 Cir. 1953), cert. den. 347 U.S. 961, 74 S.Ct. 710, 98 L.Ed. 1104. See also, Burton v. United States, 202 U.S. 344, 26 S.Ct. 688, 50 L.Ed. 1057 (1906) and Morgan v. Devine, 237 U.S. 632, 35 S.Ct. 712, 59 L.Ed. 1153 (1915)." 399 F.2d 431, 432–433.

In Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306, the Court had before it the question of whether defendant was properly convicted and punished for two offenses arising out of the same narcotic sales. In affirming both convictions the Court sets out the standards for determining whether the offenses are the same, stating: "Each of the offenses created requires proof of a different element. The applicable rule is that where the same act or transaction constitutes a violation

of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not."

The *Blockburger* standard is reaffirmed in Gore v. United States, 357 U.S. 386, 392, 78 S.Ct. 1280, 2 L.Ed.2d 1405. See United States v. Ewell, 383 U.S. 116, 125, 86 S.Ct. 773, 15 L.Ed.2d 627.

Defendant's reliance upon *Waller* on the same offense issue is misplaced. The decision in that case is a narrow one. The Supreme Court clearly points out that its decision is based upon a State court determination that the felony offense is based upon the same acts that are involved in the municipal court conviction and upon the assumption that the ordinance violations were included offenses of the felony charge. In footnote 1, the Court states that the record is inadequate to permit it to verify the accuracy of the state court concession. The Court limits its decision as follows:

"We decide only that the Florida courts were in error to the extent of holding that—

'even if a person has been tried in a municipal court for the identical offense with which he is charged in a state court, this would not be a bar to the prosecution of such person in the proper state court.' " 397 U.S. 387, 395, 90 S.Ct. 1184, 1189, 25 L.Ed.2d 435.

Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469, is of no help to defendant.[1] The Court there holds that the doctrine of collateral estoppel is embodied in the Fifth Amendment guarantee against double jeopardy. Collateral estoppel is not applicable to our present factual situation. The manslaughter charge does not require relitigation of any issue resolved by the Tribal Court. Moreover, here the Tribal Court convicted. In *Ashe* the jury acquitted.

The conviction in the Tribal Court was based upon violations of the provisions of the Tribal Code of Justice reading:

"Sec. 8.7 *Driving while under the influence of intoxicating liquors or drugs.*

"Sec. 8.7(a) It is unlawful and punishable for any person who is under the influence of intoxicating liquor or who is under the influence of any drug to a degree which renders him incapable of safely driving a motor vehicle to operate or be in actual physical control of any motor vehicle upon the highway.

\*　\*　\*　\*　\*　\*

"Sec. 8.19 *Opened receptacle containing alcoholic beverages in motor vehicles.*

"No person shall drink or consume alcoholic beverages in a motor vehicle, nor keep in the vehicle or have in his possession on his person while in such vehicle any bottle or receptacle containing alcoholic beverages which has been opened or the contents of which have been partially consumed."

The indictment in our present case charging involuntary manslaughter under 18 U.S.C.A. §§ 1153 and 1112 reads:

"That on or about the 21st day of June, 1970, at a location approximately two miles east of Selfridge, State of North Dakota, on North Dakota Highway No. 6, within the exterior boundaries of the Standing Rock Sioux Indian Reservation, in Indian country, and within the exclusive jurisdiction of the United States, the above-named Defendant, DONALD JAMES DE MARRIAS, an Indian, unlawfully killed another human being, to-wit: Richard Primeaux, an Indian, without malice, in the commission of an unlawful act not amounting to a felony by reckless driving of a motor vehicle upon a highway carelessly and heedlessly in

1. Mr. Justice Brennan, in his concurring opinion, suggests that the double jeopardy clause requires the joinder in one trial against a defendant of "all charges that grow out of a single criminal act, occurrence, episode or transaction." It is clear such principle is not adopted by the court majority.

willful and wanton disregard of the rights and safety of others or without due caution and circumspection and at a speed and in a manner so as to endanger or be likely to endanger the person and property of another."

Proof of possession of liquor in an opened container in a motor vehicle is required to establish the § 8.19 tribal offense. Proof of driving while intoxicated or drugged is required to establish the § 8.7 tribal offense. No such proof is required to establish the involuntary manslaughter charge. Proof of killing of a human being is an essential element of the involuntary manslaughter charge. Such proof is not an element of the tribal violations charged. Thus it is clear that proof is required to establish the involuntary manslaughter charge which is not required to prove the tribal violations and that proof is required to establish the tribal violations which is not required to establish the manslaughter charge. Accordingly, the trial court properly rejected the motion to dismiss the indictment and properly accepted the defendant's plea and imposed sentence.

The judgment is affirmed.

LAY, Circuit Judge (concurring).

I concur in the result reached by the majority.

Although I am bound to follow the older cases [1] sanctioning the use of the "same evidence" or "same offense" tests, I nonetheless express adversion to their deficiencies in serving as a constitutional standard against placing a person in double jeopardy for the same criminal conduct. See Mr. Justice Brennan's concurring opinions in Ashe v. Swenson, 397 U.S. 436, 448, 90 S.Ct. 1189, 25 L. Ed.2d 469 (1970); and in Abbate v. United States, 359 U.S. 187, 196, 79 S. Ct. 666, 3 L.Ed.2d 729 (1959). See also Comment, Double Prosecution by State and Federal Governments: Another Exercise in Federalism, 80 Harv.L.Rev.

1538 (1967). However, in the present case, even using the broader "same transaction" test urged by the defendant there would not be double jeopardy. Here, it is clear that no single court (the federal district court or the tribal court) could have had original jurisdiction of all of the alleged crimes involved. As Mr. Justice Brennan points out in Ashe v. Swenson, supra, 397 U.S. at 453–454, 90 S.Ct. at 1199, 25 L.Ed.2d 469, the fundamental inducement behind the double jeopardy clause is the joinder at one trial of all of the possible charges that flow from a "single criminal act, occurrence, episode or transaction." Here such joinder would not have been possible. Manslaughter could not be tried by the tribal court, nor could the intoxication charge be brought in the federal district court. Under these circumstances defendant's reliance on the "same transaction" rule is misplaced. Id. at 453, n. 7, 90 S.Ct. 1189, 25 L.Ed.2d 469.

---

1. Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932); Gavieres v. United States, 220 U.S. 338, 31 S.Ct. 421, 55 L.Ed. 489 (1911).