565 F.2d 310
 78-1 USTC P 9223
 John R. ZIMMERMAN, and Billie Zimmerman, Plaintiffs-Appellants,
v.
Adrian A. SPEARS, U. S. District Judge, et al.,
Defendants-Appellees.
UNITED STATES of America, and Larry R. Willman, Revenue
Agent for Internal Revenue Service, Plaintiffs-Appellees,
v.
John R. ZIMMERMAN and Billie Zimmerman, Defendants-Appellants.
John R. ZIMMERMAN and Billie Zimmerman, Petitioners-Appellants,
v.
Rudy GARZA, U. S. Marshal, Respondent-Appellee.
 Nos. 77-2209, 76-3500 and 77-3298
 
 Summary Calendar.*
 United States Court of Appeals,
Fifth Circuit.
 Dec. 13, 1977.
 Hugh P. Shovlin, Archie Carl Pierce, Asst. U. S. Attys., San Antonio, Tex., Gilbert E. Andrews, Chief, Appellate Section, Tax Div., M. Carr Ferguson, Asst. Atty. Gen., Jonathan S. Cohen, Aaron P. Rosenfeld, Attys., Dept. of Justice, Washington, D. C., for appellee in No. 77-2209.
 Gerald H. Goldstein, San Antonio, Tex., for appellant in No. 77-3298.
 Jamie C. Boyd, U. S. Atty., Archie Carl Pierce, Asst. U. S. Atty., San Antonio, Tex., for appellee in No. 77-3298.
 John E. Clark, U. S. Atty., Archie Carl Pierce, Asst. U. S. Atty., San Antonio, Tex., Gilbert E. Andrews, Chief, Appellate Sec., Myron C. Baum, Acting Asst. Atty. Gen., Tax Div., Robert E. Lindsay, William A. Whitledge, Attys. Tax Div., Dept. of Justice, Washington, D. C., for appellee in No. 76-3500.
 On Petition for Writ of Habeas Corpus for the United States Court of Appeals for the Fifth Circuit.
 Before THORNBERRY, RONEY and HILL, Circuit Judges.
 JAMES C. HILL, Circuit Judge:
 
 
 1
 On our own motion, we have consolidated these separate, though related, matters in order to attempt a comprehensive and thorough examination of the various issues raised within the larger context of the procedural plethora which petitioners have created.
 
 
 2
 Because we have before us in No. 77-3298 a self-styled "Petition for the Writ of Habeas Corpus by a Panel of Three justices and/or by a Circuit justice Individually", we may, and do, take judicial notice of the records in the several litigations involving the petitioners, John R. and Billie Zimmerman. Moore v. Estelle, 526 F.2d 690, 694 (5th Cir. 1976); Tucker v. National Linen Service Corp., 200 F.2d 858, 861-862 (5th Cir.), cert. denied, 346 U.S. 817, 74 S.Ct. 28, 98 L.Ed. 343 (1953). Thus, we have carefully examined, on our own motion, the records on appeal and transcripts of these several litigations.[1]
 
 
 3
 United States v. Zimmerman, 415 F.Supp. 1380 (W.D.Tex.), aff'd, 554 F.2d 474 (5th Cir. 1977) was the original of the several litigations now before us. The case arose out of an Internal Revenue investigation. IRS summonses were issued on April 2, 1976, directing John R. Zimmerman and Billie Zimmerman (husband and wife) to appear on April 19, 1976, to give testimony and produce records relating to their income for the year 1974. The summonses were issued only after several unsuccessful attempts to arrange a suitable conference with the Zimmermans. Instead of appearing, the Zimmermans sent the IRS a letter "declining" to submit to an audit, apparently on the basis of an alleged "good faith" Fifth Amendment challenge to the summonses.
 
 
 4
 The United States Attorney, on behalf of the government, then filed on May 19, 1976, a "Petition to Enforce Internal Revenue Summonses" under the authority of 26 U.S.C.A. § 7402(b) and 7604(a). Pursuant to this petition, the Zimmermans were served on May 19, 1976, with summonses, in conformance with Fed.R.Civ.P. 4(b), which required an answer to the petition within twenty days of service. Proper service was certified by the United States Marshal and sworn to in an affidavit.
 
 
 5
 The district court entered an order on May 21, 1976, which directed the Zimmermans to comply with the IRS summonses by appearing at the IRS office on June 4, 1976. Failing such an appearance, the Zimmermans were also directed to appear before the district court on June 10, 1976, to show cause why they should not be ordered to produce the requested information and records.
 
 
 6
 The Zimmermans did appear at the IRS office, as ordered. However, in response to the IRS agent's inquiries, the Zimmermans either refused to answer, apparently on a claim of the Fifth Amendment privilege against self-incrimination, or stated that they would submit to questions, but would not waive their "constitutional privilege." They refused to produce any records, relying on the same assertion of the Fifth Amendment privilege. The Zimmermans informed the IRS agent that they interpreted the district court's order to require either an appearance or, in the alternative, the production of records. Therefore, they maintained that they were in compliance.[2] Since attempts to obtain the requested information or records were frustrated, the IRS agent terminated the interview, after informing the Zimmermans that the purpose for the interview was an audit to verify their 1974 income tax return. Before they left, the Zimmermans were informed that, since they had failed to comply with the May 21, 1976, court order, they were required to appear in court on June 10, 1976.
 
 
 7
 The Zimmermans did not appear before the district court on June 10, 1976, but did file a pro se pleading styled: "Appearance and Answer Without Recognizing Jurisdiction of the Court: Motion to Dismiss with Prejudice" which urged that the court was without jurisdiction over their person or the subject matter of the complaint because they allegedly were not served in compliance with Fed.R.Civ.P. 4(b). The district court found that the file indicated that the Zimmermans were properly served. On the basis of the testimony of the IRS agent and the request of the United States Attorney a writ of attachment pursuant to 26 U.S.C.A. § 7604(b) was issued and executed on June 10, 1976, for the arrest of the Zimmermans to secure their appearance at a hearing before the court at 2:00 p. m. that same day.
 
 
 8
 Upon their appearance before the district court, the Zimmermans were informed that they were possibly subject to criminal or civil contempt for their conduct. The court then asked whether they desired the assistance of counsel, and indicated that, if counsel were desired, an opportunity to obtain such counsel would be allowed. After the district court refused to allow a person not admitted to practice law to present their case, the Zimmermans elected to represent themselves.
 
 
 9
 Following testimony by the IRS agent, testimony by the Zimmermans and the presentation of legal arguments the district court found that the Zimmermans had disobeyed the order of May 21, 1976 and further found their Fifth Amendment claim insufficient. Accordingly, the district court held the Zimmermans' conduct, specifically the failure to appear before the court on June 10, 1976, and the failure to produce the information and records, to be in contempt of court. The district judge stayed his order, however, until 2:00 p. m., June 11, 1976, in order to allow them an opportunity to comply with the court's order. If, at that time, the Zimmermans still failed to produce the information and records, they were ordered committed to the custody of the United States Marshal "until the same purge themselves of the contempt."
 
 
 10
 On June 11, 1976, since the Zimmermans failed to produce the information and records, the government filed for a writ of attachment which issued. The district court entered orders staying the order of June 10, 1976, in order to allow sixty days within which to perfect an appeal. A petition for a writ of mandamus and for prohibition was denied by a panel of this Court on June 18, 1976. In re Zimmerman, No. 76-2641 (5th Cir. June 18, 1976) (Godbold, Dyer, and Gee, Circuit Judges). The Zimmermans' "Motion for Oral Argument, or In the Alternative, Motion for Statement of Law and Fact" was denied by the district court on June 23, 1976. In response, the Zimmermans filed a "Reply to Judge Adrian Spears' Denial of Motion for Oral Hearing; Declaration of Disqualification; Judicial Notice" alleging various and sundry "illegal acts" on the part of all those involved in the proceedings, except themselves, focusing particularly on the district court judge, Chief Judge Spears. A "Motion to Vacate Judgment of the Court on Grounds it is Premised in Fraud," which alleged a conspiracy against the Zimmermans, was construed to be a motion pursuant to Fed.R.Civ.P. 60(b)(3) and was denied as being "spurious, frivolous, and wholly without merit" on July 30, 1976. Notice of Appeal was filed on August 9, 1976. A panel of this Court affirmed the judgment of the district court pursuant to Local Rule 21, Fifth Circuit Rules. United States v. Zimmerman, 554 F.2d 474 (5th Cir. 1977) (Coleman, Godbold and Tjoflat, Circuit Judges) (No. 76-3500). On September 19, 1977 the Zimmermans were found to be still in contempt of the district court's order of June 10, 1976, and were committed to the custody of the United States Marshal until they purged themselves.
 
 
 11
 In response to this Court's affirmance, the Zimmermans have filed two damage suits in the District Court for the Western District of Texas. One damage suit, No. A-77-SA-259, names District Judge Spears, Circuit Judges Coleman, Godbold and Tjoflat, and the United States Marshal as defendants.
 
 
 12
 It is still pending before District Judge Roberts. In another damage suit, filed on September 3, 1976, the Zimmermans list as defendants: District Judge Spears; the United States Attorney; the Assistant United States Attorney; five United States Marshals; the District Director of the Internal Revenue Service; Circuit Judges Godbold, Dyer, and Gee; the investigating Internal Revenue officer and the Deputy Clerk. The twenty-three page, pro se, complaint was supported by numerous exhibits which were copies of much of the record in the prior litigation. An amended complaint alleged that the Zimmermans were suing all the defendants "in their individual capacity." District Judge Wood dismissed the complaint, concluding:
 
 
 13
 The complaints arise out of the actions of these individuals in judicially enforcing I.R.S. Summonses directed to Plaintiffs in cause number SA-76-CA-152. After examining the record in the prior proceeding and the pleadings and supporting affidavits in the instant case, the Court finds the Defendants in this case were acting in their official capacities and within their official duties and at all times relevant to the allegations in the complaint and are, accordingly, immune from civil suit.
 
 
 14
 Zimmerman v. Spears, et al., 428 F.Supp. 759, 760-61 (W.D.Tex.1977). The Zimmermans have appealed, and urge that the dismissal was erroneous. After careful review of the record in this case, No. 77-2209, and in light of the records in the related cases we have before us, we affirm.[3]
 
 
 15
 The Zimmermans noted, in their petition for rehearing in No. 76-3500, that a member of the panel that reviewed their case was also a defendant in their damage suit, No. 77-2209. We agree that the Zimmermans are entitled to a review by a disinterested panel of judges. 28 U.S.C.A. § 455. Because of this inadvertent situation, we have, through an abundance of caution and in order to avoid even the appearance of impropriety, carefully performed an independent review of the entire record in No. 77-3500, since the Judges to whom the Petition for Rehearing was filed have, now, all been named as defendants by the Zimmermans. Having done so, we hereby order the recall of the prior mandate of the panel issued on September 13, 1977. We further order that the judgment of the United States District Court for the Western District of Texas is affirmed.[4] We further order that the recall of the original mandate and the issuance of this mandate be accomplished simultaneously and nunc pro tunc.
 
 
 16
 The next series of procedural maneuvers involved five petitions for a writ of habeas corpus.
 
 
 17
 The first petition for a writ of habeas corpus on behalf of the Zimmermans, Steinbrecher v. Garza, No. SA-77-CA-281, was filed on September 20, 1977. The petition came on for hearing before Judge Roberts, on September 23, 1977, and after the hearing an order was entered. Since Judge Roberts found that the Zimmermans had "the ability to comply with the said IRS summons by providing information and testimony . . .," he concluded that:
 
 
 18
 The United States District Court in Cause No. 76-CA-152 had jurisdiction to enter the contempt orders against the Plaintiffs John R. Zimmerman and Billie Zimmerman. There is accordingly, no relief that could be afforded to the Plaintiffs in the instant case in light of their present ability to purge themselves of contempt, other than to allow them that opportunity.
 
 
 19
 By that order, the Zimmermans were released from custody for a period of six days so that they might avail themselves of the opportunity to purge themselves. The hearing on the writ of habeas corpus was continued until September 30, 1977. After a hearing, in an Order entered September 30, 1977, the district court denied the habeas corpus petition finding that: (1) the Zimmermans failed to appear, as ordered; (2) the Zimmermans failed to provide an adequate reason for their absence; (3) the Zimmermans had failed to avail themselves of the opportunity provided in the September 23, 1977, order to purge themselves of their contempt. No notice of appeal has been filed from that final order.
 
 
 20
 A second petition for a writ of habeas corpus was filed with Chief Judge Brown on October 6, 1977, and assigned No. 77-8846 by this Court. On October 11, 1977, Chief Judge Brown denied the petition on the ground that the issues raised in it were previously litigated in the appeal of the original contempt order which was affirmed by this Court in No. 76-3500, supra.
 
 
 21
 A third petition for a writ of habeas corpus was made to Chief Judge Brown, initially. Chief Judge Brown forwarded this petition to the Clerk of the United States District Court, Southern District of Texas "for appropriate action." The papers contained the petition and affidavit of Leona Weber, purporting to act on behalf of the Zimmermans, and the powers of attorney signed by the Zimmermans. It was entitled "Second Application to Circuit Judge John R. Brown, individually and as a Judge who is a Circuit judge of the United States Court of Appeals for the Fifth Circuit, for the writ of habeas corpus, pursuant to Article 1, Section 9, United States Constitution, and Title 28 U.S.C. Sections 22412254." On November 7, 1977, Judge Spears ordered that since Leona Weber had not been admitted to practice her affidavit could not be filed. Chief Judge Spears did order the Clerk to file the powers of attorney. A similar order was entered on October 17, 1977, regarding the affidavit of C. W. Steinbrecher. The pertinent principles of law concerning lay representation and their application to the facts here are clear and require no further discussion on our part. There was no notice of appeal filed from that order.
 
 
 22
 On November 15, 1977, a fourth petition for a writ of habeas corpus was filed in the United States District Court for the Western District of Texas and assigned No. 77-CA-353. That petition is identical to the petition which is before this panel, No. 77-3298. This identical petition was denied by Judge Spears on November 18, 1977, because it was deemed a "rehash of previous such applications, including the one denied by Chief Judge Brown, and it is therefore, DENIED for the reason assigned by Judge Brown." No notice of appeal has been filed from the final order denying that petition.
 
 
 23
 Finally, presently, we have before us a "Petition for the Writ of Habeas Corpus by a Panel of Three Justices and/or by a Circuit Justice Individually." We reject the alternative procedures which the Zimmermans suggest: an original petition to either this panel or to an individual circuit judge.
 
 
 24
 It is beyond peradventure that the Courts of Appeal are not vested with jurisdiction to entertain a petition for a writ of habeas corpus as an original matter. 28 U.S.C.A. § 2241; Parker v. Sigler, 419 F.2d 827, 828 (8th Cir. 1969); Crabtree v. United States, 209 F.2d 164, 165 (5th Cir. 1953), cert. denied, 347 U.S. 961, 74 S.Ct. 710, 98 L.Ed. 1104 (1954). The other procedural alternative is for a number of this panel to consider the original petition as an individual circuit judge. This, each of us, individually, declines to do. Individual judges do have jurisdiction to entertain an original petition for a writ of habeas corpus. 28 U.S.C.A. § 2241. See Parker v. Sigler, supra. Cf. In re Burwell, 350 U.S. 521, 76 S.Ct. 539, 100 L.Ed. 666 (1956). However, this is not the ordinary procedure contemplated by Federal Rule of Appellate Procedure 22 which provides in part:
 
 
 25
 (a) Application for the Original Writ. An application for a writ of habeas corpus shall be made to the appropriate district court. If application is made to a circuit judge, the application will ordinarily be transferred to the appropriate district court. If an application is made to or transferred to the district court and denied, renewal of the application before a circuit judge is not favored; the proper remedy is by appeal to the court of appeals from the order of the district court denying the writ.
 
 
 26
 In the instant situation, not only have Judge Roberts and Chief Judge Brown denied petitions for writs of habeas corpus on behalf of the Zimmermans, but Judge Spears has denied, in all respects, the identical petition now pending before this Court, on the ground that the issues raised have already been litigated on the direct appeal in No. 76-3500. Judge Spears based his denial on Chief Judge Brown's denial in 77-8446. Thus, there would be no purpose served in having still another circuit judge assume jurisdiction either to hear the matter or to transfer the matter to a district court for a hearing. Accordingly, so far as it purports to be an original petition for a writ of habeas corpus to a circuit judge individually, and given our characterization of the petition, the petition is dismissed. The favored and more appropriate remedy is an appeal to the Court of appeals from an order denying the petition. See Parker v. Sigler, supra.
 
 
 27
 As its style suggests, this petition is also purportedly directed to a three judge panel of the Court of Appeals. We have striven to give this document an interpretation that would provide the broadest remedy available to the Zimmermans in order to reach some ultimate resolution of this matter. Although we are not limited by the litigants' characterization of filings, we are constrained in our jurisdiction by the rules of procedure. The Zimmermans have consistently refused to file notices of appeal in any of the prior district court denials of petitions for writs of habeas corpus, choosing, instead, to begin anew with successive petitions which contain much the same allegations. While a final order in a habeas corpus proceeding is subject to review by this court pursuant to 28 U.S.C.A. § 2253 here there is no evidence of any notices of appeal filed in the district courts. Thus, the applicable Federal Rules of Appellate Procedure do not permit our treating this petition as an appeal from any of the prior district court denials. Fed.R.App.P. 1, 3(a). However, 28 U.S.C.A. § 2253 does provide, in part:
 
 
 28
 In a habeas corpus proceeding before a circuit or district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit where the proceeding is had.
 
 
 29
 Thus, Chief Judge Brown's October 11, 1977, denial in No. 77-8446 is final and appealable to a panel of this Court. 28 U.S.C.A. § 2253. The Federal Rules of Appellate Procedure make provision for a notice of appeal to be filed in an appeal from a district court to a Court of Appeals. Fed.R.App.P. 3(a), 4(a). We have been unable to find any provision in the Federal Rules of Appellate Procedure or in our own Local Rules specifically providing for a notice of appeal to be filed in an appeal from an individual circuit judge's denial of a petition for a writ of habeas corpus. Since our own Local Rules do not contemplate such a filing procedure, we are free to characterize the petition in No. 77-3298 entitled a "Petition For the Writ of Habeas Corpus by a panel of three justices and/or by a Circuit Justice Individually" as a timely appeal from Chief Judge Brown's October 11, 1977, denial of a similar petition in No. 77-8446. Cf. Fed.R.App.P. 4(a). This is consistent with our policy to broadly construe pro se filings. See Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). The issues raised there, and here, are the same issues raised on the prior appeal, No. 76-3500; these issues have been repeatedly raised in the various petitions before the district court which have not been appealed. We reject the Zimmermans' attempt to impose upon us such a "purposeless duplication." See Blackwell v. United States, 429 F.2d 514, 516 (5th Cir. 1970); Genio v. United States, 352 F.2d 304 (5th Cir. 1965). Accordingly, we affirm Chief Judge Brown's denial in No. 77-8446.
 
 
 30
 At this point in this litigation, it is altogether fitting and proper to quote from Judge Spears' order of November 7, 1977, disposing of the second petition to Chief Judge Brown:
 
 
 31
 The actions of the Zimmermans acting pro se and through other lay persons seek to relitigate matters already decided, by repeated proceedings which have the effect of consuming immeasurable amounts of time of the Courts. As we said in Deem v. Aero Mayflower Transit Co., supra:
 
 
 32
 (T)here comes a time when litigants with legitimate controversies are entitled to claim the time and energies of the court, as against groundless, repeated proceedings by incompetent laymen who file matters and calendar them as a sounding board for fancied grievances, forcing parties to appear repeatedly, and consuming an immeasurable amount of time of the court and other legitimate litigants in listening to rambling and unintelligible statements.
 
 
 33
 To permit it to continue does not result in the protection of poor litigants, but results in a mockery of justice.
 
 
 34
 This Court regrets that the Zimmermans have chosen to continue to defy the laws of this Country. They have had their "day in Court" more than once. Their contentions have been found by all Courts to which they have been presented to be completely groundless, yet they persist in asserting them, when all that they have to do is comply with the law and purge themselves of contempt in order to gain their release. It has been well said, many times, that they hold the key to the jailhouse in their pockets.
 
 
 35
 We echo these sentiments.
 
 
 36
 In summary: the judgment of the district court in No. 77-2209 is AFFIRMED; the mandate in No. 76-3500 is recalled and the judgment of the district court is AFFIRMED; the petition for a writ of habeas corpus in No. 77-3298 is DISMISSED as an original petition to an individual circuit judge, and is considered to be an appeal from 77-8446 which is AFFIRMED.[5]
 
 
 
 *
 Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409
 
 
 [1]
 By taking judicial notice of all these materials, we in effect grant the Zimmermans' request in 77-2209 to incorporate the record, motions, briefs, and appellants' petition for rehearing from No. 76-3500
 
 
 [2]
 The district court's order read, in part:
 In the event the said Respondents fail to appear before the said Larry R. Willmann, Internal Revenue Agent, at the time and place hereinabove set forth, or fail at such time and place to produce information and records required by said summonses, it is further
 ORDERED that the said Respondent's John R. Zimmerman, and Billie Zimmerman, appear before the District Court of the United States for the Western District of Texas, San Antonio Division, in Courtroom No. 1, on the first floor of the United States Courthouse, San Antonio, Texas, on the 10th day of June, 1976, at 10:00 o'clock A.M., and show cause why they have failed to appear at the time and place designated in the Order and why they should not be directed to produce the information and records listed in said Order.
 The district judge later, in open court, made the finding that the order required both appearance and production of records, further finding that it was "absolutely clear and it (was) not ambiguous in any way and not susceptible to any other construction." We agree.
 
 
 [3]
 Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409
 
 
 [4]
 Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409
 
 
 [5]
 Given our dispositions, we need not reach the two motions for the Zimmermans' release in order to look after their child, pending a hearing