828 F.2d 20
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Nicholas J. PHLIPOT, Defendant-Appellant.
 No. 87-3637
 United States Court of Appeals, Sixth Circuit.
 September 3, 1987.
 
 ORDER
 Before NATHANIEL R. JONES, WELLFORD and RALPH B. GUY, Jr., Circuit Judges.
 
 
 1
 The defendant appeals an order denying his motion for habeas corpus relief filed as part of the criminal proceedings against him in the district court. He has also filed a petition for a writ of a habeas corpus on grounds the indictment was invalid.
 
 
 2
 The defendant was indicated on April 10, 1987, for three counts of income tax evasion in violation of 26 U.S.C. Sec. 7201. He elected to represent himself in the subsequent proceedings. At a final pretrial conference held on July 6, 1987, he asserted he was denied his right to habeas corpus, presumably on grounds the prosecution had presented no 'natural person' who had suffered actual injury because of the alleged offenses. The district court verbally denied that motion and the defendant filed his notice of appeal. On July 8, 1987, the district court entered a written order holding it retained jurisdiction to proceed with the case because the defendant's appeal lacked any 'colorable foundation.'
 
 
 3
 Pursuant to 28 U.S.C. Sec. 1291, this Court has jurisdiction to hear appeals from 'final decisions' of district courts. That requirement of finality is particularly stringent in criminal proceedings. See United States v. MacDonald, 435 U.S. 850, 853-54 (1978); United States v. Sisk, 629 F.2d 1174, 1181 (6th Cir. 1980), cert. denied, 449 U.S. 1084 (1981). Although there are rare exceptions to the finality requirement, see, e.g., Abney v. United States, 431 U.S. 651 (1977), we conclude the facts of this case do not present circumstances permitting an interlocutory appeal to this Court.
 
 
 4
 We construe the petition for a writ of habeas corpus as an independent action separate from the above appeal. Therein, the petitioner asserts the indictment returned against him was invalid. That assertion is based upon his claim that the United States Attorney for the Southern District of Ohio did not take his oath of office until after the indictment against the petitioner was returned. Apparently, the United States Attorney was an Assistant United States Attorney at the time he signed the indictment.
 
 
 5
 It is settled law that this Court, as a court, has no jurisdiction under 28 U.S.C. Sec. 2241 to entertain a habeas petition as an original action. Loum v. Alvis, 263 F.2d 836 (6th Cir. 1959); Matter of Mackin, 668 F.2d 122, 137 (2d Cir. 1981). Although an individual judge of this Court may entertain such a petition, the members of this panel decline to do so as it is the better and preferred practice for habeas petitions to be presented to the district court initially. See Zimmerman v. Spears, 565 F.2d 310, 316 (5th Cir. 1977); Parker v. Sigler, 419 F.2d 827 (8th Cir. 1969); Rule 22(a), Federal Rules of Appellate Procedure. If the petition is denied, it can be appealed from a subsequent judgment (if such is the case) of guilt.
 
 
 6
 It therefore is ORDERED that the petition for habeas corpus is denied. If further is ORDERED that this appeal is dismissed for lack of appellate jurisdiction. Rule 9(b)(1), Rules of the Sixth Circuit.