828 F.2d 20
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Julio Rivera CRUZ, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH & HUMAN SERVICES, Defendant-Appellee.
 No. 86-3784
 United States Court of Appeals, Sixth Circuit.
 September 3, 1987.
 
 Before KEITH and ALAN E. NORRIS, Circuit Judges, and GIBBONS, District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiff appeals from an order of the district court granting summary judgment to the Secretary, on plaintiff's appeal to the district court from the decision of the Secretary denying him benefits.
 
 
 2
 Having reviewed the record and considered the briefs of the parties, we agree with the assessment of the record by the district court, that the Secretary's decision is supported by substantial evidence, even though there was conflicting evidence as to whether plaintiff was disabled prior to December 31, 1973.
 
 
 3
 As part of his extensive and able review of the case, counsel for plaintiff points out that the Secretary and the district judge may have misinterpreted a portion of a rating decision issued by the Veterans Administration on August 21, 1974. He supports that position with a letter from the Veterans Administration dated several months after the district court issued the order appealed from. The letter was not before the circumstances permitting an interlocutory appeal to this Court.
 
 
 4
 We construe the petition for a writ of habeas corpus as an independent action separate from the above appeal. Therein, the petitioner asserts the indictment returned against him was invalid. That assertion is based upon his claim that the United States Attorney for the Southern District of Ohio did not take his oath of office until after the indictment against the petitioner was returned. Apparently, the United States Attorney was an Assistant United States Attorney at the time he signed the indictment.
 
 
 5
 It is settled law that this Court, as a court, has no jurisdiction under 28 U.S.C. Sec. 2241 to entertain a habeas petition as an original action. Loum v. Alvis, 263 F.2d 836 (6th Cir. 1959); Matter of Mackin, 668 F.2d 122, 137 (2d Cir. 1981). Although an individual judge of this Court may entertain such a petition, the members of this panel decline to do so as it is the better and preferred practice for habeas petitions to be presented to the district court initially. See Zimmerman v. Spears, 565 F.2d 310, 316 (5th Cir. 1977); Parker v. Sigler, 419 F.2d 827 (8th Cir. 1969); Rule 22(a), Federal Rules of Appellate Procedure. If the petition is denied, it can be appealed from a subsequent judgment (if such is the case) of guilt.
 
 
 6
 It therefore is ORDERED that the petition for habeas corpus is denied. If further is ORDERED that this appeal is dismissed for lack of appellate jurisdiction. Rule 9(b)(1), Rules of the Sixth Circuit.
 
 
 
 *
 Hon. Julia S. Gibbons, United States District Judge for the Western District of Tennessee, sitting by designation