831 F.2d 296
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Gary Paul RAYMOND, Petitioner-Appellant,
v.
UNITED STATES of America, Gerald Ziozios, Special Agent of
the Internal Revenue Service, Charles Binder, U.S.
Magistrate, Janet L. Parker, Assistant U.S. Attorney, John &
Jane Does 1-500, Respondents-Appellees.
 No. 87-1875.
 United States Court of Appeals, Sixth Circuit.
 Oct. 22, 1987.
 
 Before NATHANIEL R. JONES, RALPH B. GUY and BOGGS, Circuit Judges.
 
 ORDER
 
 1
 Pursuant to 28 U.S.C. Sec. 2241, the petitioner has filed with this Court an application for a writ of habeas corpus by which he seeks release from incarceration from the Bay County (Michigan) Jail. He is incarcerated therein apparently as the result of federal criminal charges pending against him. He has also filed in the district court a civil action alleging the deprivation of numerous rights.
 
 
 2
 It is settled law that this Court, as a court, has no jurisdiction under Sec. 2241 to entertain a habeas petition as an original action. Loum v. Alvis, 263 F.2d 836 (6th Cir.1959); Matter of Mackin, 668 F.2d 122, 137 (2d Cir.1981). Although an individual judge of this Court may entertain such a petition, the members of this panel decline to do so as it is the better and preferred practice for habeas petitions to be presented initially to the district court. See Zimmerman v. Spears, 565 F.2d 310, 316 (5th Cir.1977); Parker v. Sigler, 419 F.2d 827 (8th Cir.1969); Rule 22(a), Federal Rules of Appellate Procedure.
 
 
 3
 It therefore is ORDERED that the petition for a writ of habeas corpus is dismissed on grounds this Court lacks jurisdiction thereover. Loum v. Alvis, supra.
 
 
 4
 To the extent the present petition could be construed as a petition for a writ of mandamus or prohibition directing the district court to perform or not perform certain duties in the criminal or civil proceedings before it, relief would also be denied. The remedies of mandamus and prohibition are drastic remedies, to be invoked only in extraordinary situations where the petitioner can show a clear and indisputable right to the relief sought. See Kerr v. United States District Court, 426 U.S. 394, 402-03 (1976); In re Grand Jury Proceedings, Vargas, 723 F.2d 1461, 1468 (10th Cir.1983), cert. denied, 469 U.S. 819 (1984). They cannot be used to control a district court in the exercise of discretionary duties. See In re Post-Newsweek Stations, 722 F.2d 325, 329 (6th Cir.1983); City of Cleveland v. Krupansky, 619 F.2d 576, 578 (6th Cir.1980).
 
 
 5
 Finally, we note the present petition was filed by a person claiming to act as a special master in this matter. Special masters are appointed by district courts, see Rule 53, Federal Rules of Civil Procedure, and such status cannot be bestowed by the parties or by other individuals. Likewise, a party does not have a right to be represented in court by a person who is not an attorney. United States v. Whitesel, 543 F.2d 1176 (6th Cir.), cert. denied, 431 U.S. 967 (1976). For these reasons, this Court does not recognize Mr. DeArman as having any legal capacity to submit papers to this Court on behalf of the petitioner. In the future, the petitioner shall submit papers only in a pro se capacity or through the services of an attorney duly admitted to the practice of law.